## MARGARET COTTON, Respondent, *v.* CHRISTINA BURKELMAN, Appellant.

The will of C. gave to his wife all of his property during life, charging upon it the support of his mother The wife was made sole executrix with full power to sell and dispose of any part of the real estate in her discretion and to invest the proceeds as she might deem best for the benefit of M., their adopted daughter, to whom the remainder in fee was given. M. died after the death of the testator, leaving a son surviving. Thereafter the executrix contracted to sell and convey a portion of the real estate of which C. died seized. In an action to compel specific performance of the contract, *held*, that the power of sale was not given for the benefit of the remaindermen simply, but its chief purpose was the benefit and safety of the life tenant; and so, that the power was not extinguished by the death of M. and the deed of the executrix was sufficient to carry the fee.

*Sweeney* v. *Warren* (127 N. Y. 434), distinguished.

(Argued March 15, 1894; decided April 10, 1894.)

APPEAL from order of the General Term of the Superior Court of the city of New York, made January 3, 1893, which reversed a judgment in favor of defendant entered upon an order dismissing the complaint on trial at Special Term and ordered a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Hamilton R. Squier* for appellant. The infant cannot be divested of his ownership of these lands under the power in question. (*Hetzel* v. *Barber*, 69 N. Y. 1; Code Civ. Pro. § 2348; *Horton* v. *McCoy*, 47 N. Y. 26.) Mary E. Cotton having died prior to the making of the contract the power given to the said Margaret Cotton could not be exercised, and fell. (*Hetzel* v. *Barber*, 69 N. Y. 11; *Jackson* v. *Jansen*, 6 Johns. 73; *Sharpstein* v. *Tallou*, 3 Cow. 651; *Sweeny* v. *Warren*, 127 N. Y. 426.) The power of sale in the will was not a power coupled with an interest, because it vested in the executrix in her official capacity, and not in her capacity as life tenant — it was not appendant to her life tenancy — and,

therefore, became void upon the death of Mary E. Cotton. It was not a power to be exercised for the benefit of the executrix. (*Sweeny* v. *Warren,* 127 N. Y. 426; *Bloomer* v. *Waldron,* 3 Hill, 362.) The life estate of Margaret Cotton was not enlarged into a fee by reason of the charges imposed upon it, as the mother, Fanny Cotton, has died. (*Nellis* v. *Nellis,* 99 N. Y. 515.)

*Thomas McAdam* for respondent. The intention of the testator must control. (*Roome* v. *Phillips,* 24 N. Y. 468; *French* v. *Carhart,* 1 id. 96; *Underhill* v. *Vandervoort,* 56 id. 242; *Bowditch* v. *Ayrault,* 138 id. 222; *Wood* v. *Mitcham,* 92 id. 378; *Kelso* v. *Lorillard,* 85 id. 182; *In re Albertson,* 113 id. 439; *Kinnier* v. *Rogers,* 42 id. 531; *Skinner* v. *Quinn,* 43 id. 99; *Hertzell* v. *Bacher,* 9 Hun, 534.) The power of sale survived. (*Osgood* v. *Franklin,* 2 Johns. Ch. 1; 14 Johns. 527; *Jackson* v. *Burtis,* Id. 391; Dunlap's Paley's Agency [ed. of 1856], 184; Story on Agency, § 477; Whart. on Agency, § 105; *Bergen* v. *Bennett,* 1 Caine's Cas. 15.) Powers coupled with an interest are irrevocable. (*Hunt* v. *Rousmanier,* 8 Wheat. 174; *Knapp* v. *Alvord,* 10 Paige, 205; *Marfield* v. *Douglass,* 1 Sandf. 409.) The power was properly executed. (*White* v. *Hicks,* 33 N. Y. 383; *Bradstreet* v. *Clark,* 12 Wend. 602; *Van Wert* v. *Bradley,* 1 Bradf. 114; *Onderdonk* v. *Ackerman,* 62 How. Pr. 318.) The court below might have ordered judgment for the plaintiff. (*Marquat* v. *Marquat,* 12 N. Y. 336; *King* v. *Barnes,* 109 id. 268, 283; *Beach* v. *Cook,* 28 id. 509, 538; *King* v. *Havens,* 25 Wend. 420, 422.)

FINCH, J. This action was brought by the vendor of real estate for a specific performance of a contract of sale, and the defense of the vendee is that the vendor cannot convey a good title to the property. That defense depends entirely upon the construction of the will of German Cotton, who gave to his wife, Margaret, a life estate in the land, with remainder in fee to his adopted daughter, Mary. She married, and has since

died, leaving a son, Edwin Talbot, in whom the remainder in fee has vested. The widow, Margaret, was made sole executrix and the will proceeds thus : " With full power to sell and dispose of all or any part of my real estate or personal securities of which I may die possessed, as in her judgment may seem best, and to invest the proceeds of said sales as she may deem best for the benefit of our adopted daughter, Mary E. Cotton." It is over this power of sale that the controversy arises, for the purchaser contends that the sole purpose of the power was the benefit of the daughter, and she having died the object of the power is no longer attainable and the power itself is forever extinguished, while the vendor contends that the primary object of the power was to benefit the widow as life tenant, and enable her to secure by a sale of the land and an investment of the proceeds, a larger or more reliable income than the land itself would yield, and that such purpose remains and feeds the power although the adopted daughter is dead ; and so the deed tendered by the executrix in execution of the power is good and sufficient to carry the fee. The General Term has so held, and we think the conclusion is correct.

The scope of the will leaves no doubt of the testator's intention. He gives all his property to his wife for the term of her natural life, prescribing that it shall be in lieu of dower, and charging upon it specifically the support of his mother. During the life of the widow he makes no provision for the adopted daughter, but assumes that his wife will provide for her as he and she had always done. He contemplates leaving behind him this family of three, and gives his whole property to his wife as the head and responsible manager during her life, to enable her out of the rents and income to provide for herself and for his mother and the adopted daughter. The power to sell his real estate was conferred upon his wife, as executrix, to meet emergencies liable in the future to threaten this purpose and object of his testamentary dispositions. The real estate might cease, from many causes, to furnish the necessary rents or income, and in that event the whole family

would suffer and not merely the wife alone. The very form of the power granted and the words used for its creation, indicate that its chief purpose was the benefit and safety of the life tenant. The testator makes her sole executrix and commits wholly to her judgment the time, mode and terms of sale, and interposes his directions only as it respects the mode of investing the proceeds. That duty is to be done with principal regard to the interests of the daughter as entitled to the estate in remainder. The widow might be tempted by a greater interest to take a weaker security, and so he requires the investment to be such as will best secure the ultimate transfer of the fund to the daughter. The power of sale was not given or intended for the latter's benefit as devisee of the remainder. She was safer if any such authority should be withheld. The obvious purpose was to secure against possible emergencies the income devoted to the support of the widow, and through her that of both mother and daughter. This purpose survived the death of the daughter and was in no manner dependent upon her life, and her death left the power still existent and capable of execution. The cases in this country do not hesitate to apply to powers the leading principle governing the construction of a will which requires us to ascertain and carry out the intention of the testator so far as possible, (*Peter* v. *Beverly*, 10 Peters, 564), and that intention in the present case seems to me quite clear and certain.

Much was said on the argument as to the grant of the power to the executrix, instead of to her as an individual or as life tenant. It is not necessary to argue the point in view of what this court has already settled. In *Sweeney* v. *Warren*, (127 N. Y. 434), it was said that "undoubtedly a power may be vested in executors, as such, to be exercised for their own benefit as individuals," and it was added that "when a power is conferred upon executors by virtue of their office, and not on them as individuals, there being no other evidence that it was intended to be beneficial to them, the presumption is that it was given for the purpose of being executed in the interest of the estate, and not for their own benefit." The

appellant here relies upon that presumption, but it does not arise because there *is* the evidence referred to that the power was given to the executrix for her own benefit as life tenant Nothing in the condition of the estate required it; everything in the situation of the widow made it necessary for her possible protection.

We hold, therefore, that the power of sale was not extinguished by the death of the adopted daughter and that the deed of the executrix will convey a good title.

The order of the General Term should be affirmed and judgment absolute ordered for the plaintiff, with costs.

All concur.

Ordered accordingly.