(120 App. Div. 535)

## ODELL v. CLAUSSEN.

(Supreme Court. Appellate Division, Second Department. June 7, 1907.)

EXECUTORS—SALE OF REALTY—POWER UNDER WILL.

A wife by her will devised all her property, both real and personal, to her husband for life, with remainder to her two sisters, and provided that he be her sole executor, empowered, in his discretion, to sell any and all of her real estate and give good deeds of conveyance thereof. Testatrix left no children. The husband was an old man without means of support, except the interest on $3,343.86 deposited in a trust company, and the real estate left by his wife yielded no income, but he was obliged

to pay taxes and interest on a mortgage on the same. *Held*, that the husband had power to convey a marketable title to the real estate left by his wife.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, §§ 561, 562.]

Submission of controversy between Isaac N. Odell, individually and as executor of the last will of Elizabeth D. H. Odell, deceased, and Edward Claussen. Judgment for plaintiff.

Argued before HIRSCHBERG, P. J., and HOOKER, RICH, MILLER, and GAYNOR, JJ.

Robert Godson, for plaintiff.

George S. Espenscheid, for defendant.

RICH, J. We are asked to determine whether the plaintiff individually and as executor has power to convey a good marketable title to defendant of the premises described in the submission under the power of sale contained in the will of Elizabeth D. H. Odell, his wife. By the terms of her will she gave, devised, and bequeathed all of her property, both real and personal, unto her husband (the plaintiff) to have and to hold, use, and enjoy the same and the rents, issues, profits, and income thereof for and during his natural life, with the remainder to decedent's two sisters, and provided:

"Lastly: I hereby make, nominate, constitute and appoint my said husband Isaac N. Odell sole executor, of this my last will and testament, and hereby authorize and empower him in his discretion, to sell either at public auction or private sale, any and all of my real estate, and good deeds of conveyance give to the purchaser or purchasers; and I further direct, that he shall not be required to give security; hereby revoking all other or former wills by me made."

September 1, 1906, the plaintiff entered into a contract whereby he agreed to convey to defendant the house and lot, No. 731 Putnam avenue, borough of Brooklyn, N. Y., which was the only real estate left by decedent, subject to a mortgage of $4,500, for the consideration of $9,200. At the time and place mentioned in the contract, plaintiff tendered to defendant a duly executed and acknowledged executor's deed of said premises, which contained, among other clauses, the following:

"And all the estate therein, which the said party of the first part [plaintiff] has, or has power to convey or dispose of, whether individually or by virtue of said will or otherwise."

Defendant refused to accept this deed, on the ground that plaintiff, being a life tenant, could not convey a valid title to the premises. The plaintiff is a feeble old man 78 years of age, and dependent upon the property left under this will for his support. Nothing is received from the real estate, and his only income is the interest on $3,343.86 deposited in a trust company, out of which he must first pay taxes and interest charges upon the real estate. The decedent left no children. She provided for the comfort and support of her husband out of the income of her property. Presumably she knew that the rents and profits of the real estate, together with the income on the money deposited in the bank, would be insufficient for the purpose, and we think she in-

tended to give her husband power to convert the real estate into property yielding a greater return, and therefore authorized him to convey the real estate by virtue of his office. Cotton v. Burkelman, 142 N. Y. 160, 36 N. E. 890, 40 Am. St. Rep. 584.

The learned counsel for defendant relies upon the cases of Rogers v. Rogers, 111 N. Y. 228, 18 N. E. 636, and Haendle v. Stewart, 84 App. Div. 274, 82 N. Y. Supp. 823, as authority for the contention that plaintiff is not qualified to execute the power in trust, and that his conveyance would not convey a marketable title. In each of those cases the estate was left to more than one trustee in trust, and it was held that the sole surviving cestui que trust could not exercise the power of sale alone, and that in such cases the court could either supply the places of the other trustees or take upon itself the execution of the trust. Those cases are clearly distinguishable from the one at bar, and the plaintiff must have judgment in accordance with the terms of the stipulation.

Judgment for plaintiff, with costs, in accordance with the terms of the submission. All concur.