MARTIN MANION, Respondent, *v.* PEOPLES BANK OF JOHNS-
TOWN, N. Y., as Trustee under the Will of HOEL S.
MCELWAIN, Deceased, Appellant, and ROSE MANION, Defend-
ant-Respondent.

Argued March 7, 1944; decided April 13, 1944.

*A. H. Pulsifer* for appellant. I. The testatrix gave and the life tenant possessed an absolute power of disposition for his own benefit. (*Wells et al.* v. *Wells et al.*, 88 N. Y. 323; *Matter of Drury*, 249 N. Y. 154; *Matter of Horner*, 237 N. Y. 489; *Matter of Gallien*, 247 N. Y. 195.) II. The mortgage to the bank is valid under section 149 of the Real Property Law. (*Farmers' Loan & Trust Co.* v. *Kip*, 192 N. Y. 266; *Stafford* v. *Washburn*, 145 App. Div. 784; *Matter of Davies*, 242 N. Y. 196; *Terry et al.* v. *Wiggins et al.*, 47 N. Y. 512; *Hasbrouck* v. *Knoblauch*, 130 App. Div. 378; *Barr* v. *Howell*, 85 Misc. 330; *Matter of Shelly*, 159 Misc. 23; *Matter of Hesler*, 160 Misc. 250, 250 App. Div. 803.) III. The power of disposition is not accompanied by a trust. (*Crooke et al.* v. *County of Kings et al.*, 97 N. Y. 421; *Cutting* v. *Cutting et al.*, 86 N. Y. 522; *Hasbrouck* v. *Knoblauch*, 130 App. Div. 378; *Dudley* v. *People's Trust Co.*, 57 Misc. 230; *Rose* v. *Hatch et al.*, 125 N. Y. 427; *Woodward* v. *James*, 115 N. Y. 346; *Scheer* v. *Long Island Railroad Co.*, 127 App. Div. 267.)

*L. Victor Harrison* and *S. G. Rosenthal* for respondent. I. The testatrix neither gave nor intended to give an absolute power of disposition unaccompanied by a trust within the meaning of the statutes. II. The case does not come within the purview of section 149, *et seq.*, of the Real Property Law. (*Rose* v. *Hatch et al.*, 125 N. Y. 427; *Higgins* v. *Downs*, 101 App. Div. 119; *Ackerman* v. *Gorton*, 67 N. Y. 63; *Stafford* v. *Washburn*, 145 App. Div. 784; *Blanchard* v. *Blanchard*, 4 Hun 287, 70 N. Y. 615; *Matter of Clickman*, 116 Misc. 540; *Terry et al.* v. *Wiggin et al.*, 47 N. Y. 512; *Matter of Enright*, 109 Misc. 337; *Matter of Seivert*, 246 App. Div. 457; *Thomas* v. *Walford*, 49 Hun 145; *Seaward* v. *Davis*, 198 N. Y. 415; *Kendall* v. *Case*, 84 Hun 124; *Mitchell* v. *Van Allen*, 75 App. Div. 297; *Matter of Skinner*, 81 App. Div. 449, 180 N. Y. 515; *Leggett* v. *Firth*, 132 N. Y. 7; *Matter of Bielby*, 91 Misc. 355; *Henderson* v. *Blackburn*, 104

Ill. 227.) III. The bank was not an innocent *bona fide* third party without notice and took only such estate as Michael and Rose Manion individually could convey. (*Hairston* v. *Dobbs,* 80 Ala. 589; *Goodin* v. *Vaughn,* 14 Gratt. [55 Va.] 102; *Davis* v. *Howcott,* 21 N. C. 460; *Griswold* v. *Perry,* 7 Lans. 98; *Kentucky Bank* v. *Schuylkill Bank,* 1 Pars. Eq. Cas. [Pa.] 180; *Tarpy* v. *Lexington R. Co.,* 154 Ky. 345, 24 C. J. 185.) IV. Michael Manion's power of disposition did not include the power to mortgage the fee. (*Heiseman* v. *Loenstein,* 113 Ark. 404; *Williamson* v. *Grider,* 97 Ark. 588.)

LOUGHRAN, J. Julia Manion died August 10, 1920, a resident of the city of Johnstown, county of Fulton. She was survived by two sons, Michael and Martin. Her last will and testament was admitted to probate by the Surrogate's Court of that county on October 18, 1920. The material words thereof are these: " After all my lawful debts are paid and discharged, I give, devise and bequeath unto my son, Michael Manion, of Johnstown, N. Y., all that certain lot, piece or parcel of land situated in the City of Johnstown, in the County of Fulton, and State of New York, known as Lot No. 210, on the east side of Meadow Street * * * to have and to hold the same unto him, the said Michael Manion, during his natural life, with the absolute power of disposition, with the provision, that if the said Michael Manion marries and has issue, that the title to the aforesaid property shall pass to him in Fee Simple; if he marries and has no issue or descendants of such issue, and dies leaving a widow, his widow shall be entitled to an estate in the aforesaid property equivalent to what her dower rights would have been had the title of the said Michael Manion, been in fee. Should the aforesaid Michael Manion die leaving no widow or descendants, or a widow but no descendants, the title to the said lot No. 210 shall pass in Fee Simple to my son Martin Manion if living."

On February 8, 1935, Michael Manion and Rose Manion, his wife, gave a bond for $1,500 to The Peoples Bank of Johnstown, and as security therefor delivered to the bank a mortgage on the parcel of real property that had been devised by the above words of the testatrix. On January 11, 1942, Michael Manion died leaving no issue or descendants. Rose Manion, his widow, and his brother Martin Manion survived him.

Thereupon this action was brought by Martin Manion against the bank and Rose Manion for a judgment that would declare the extent of the lien of the mortgage which the bank had taken from Michael Manion and Rose Manion. Special Term said: "It was clearly not the intention of testatrix to give Michael a beneficial power of sale. Therefore, the power in question was a general but not a beneficial power; and not being a beneficial power was a power in trust". Upon that construction, the power did not authorize any conveyance by Michael Manion for his own use, and in that view the mortgage to the bank was a lien upon no more than the dower interest that had accrued to Rose Manion under the foregoing testamentary text. The Appellate Division was of the same opinion.

As appellant here, the mortgagee-bank invokes section 149 of the Real Property Law. It is thereby provided: "Where an absolute power of disposition, not accompanied by a trust, is given to the owner of a particular estate for life or for years, such estate is changed into a fee absolute in respect to the rights of creditors, purchasers and incumbrancers, but subject to any future estates limited thereon, in case the power of absolute disposition is not executed, and the property is not sold for the satisfaction of debts."

The power granted to Michael Manion by the testatrix was plainly a general power as the courts below have said. Whether there was an accompanying trust must be determined in accordance with section 137 of the Real Property Law. It is thereby provided: "A general power is in trust, where any person or class of persons, other than the grantee of the power, is designated as entitled to the proceeds, or any portion of the proceeds, or other benefits to result from its execution." The will made no designation of any person other than Michael Manion as entitled to any benefit from the general power thereby granted to him; and, since the grant thereof ran to him individually, no contradictory intent was shown by the fact of his appointment by the testatrix as her sole executor. (Cf. *Sweeney et al.* v. *Warren et al.,* 127 N. Y. 426, 434; *Cotton* v. *Burkelman,* 142 N. Y. 160, 163, 164.) In a word, the present power was not a power in trust.

The life estate left by the testatrix to Michael Manion was to be held by him — so her will said — with the " absolute power of disposition." The quoted phrase presumably was patterned after section 149 of the Real Property Law, so as to bring about the result dictated by that section. For an answer to this seemingly conclusive circumstance, the Special Term justice declared his disbelief in the ability of the testatrix to conceive of " so subtle a means of stating her intention " in a testamentary instrument on which she made a mark as a substitute for a signature. This reasoning, we believe, was inadmissible. Courts are not at liberty to inquire as to a testator's understanding or appreciation of the legal implications of words that were selected for him by a draftsman of his will. (See *Matter of Watson*, 262 N. Y. 284, 293; *Dwight* v. *Fancher*, 245 N. Y. 71; *Matter of Gertie E. Webb*, 122 Misc. 129, 135, 136; 208 App. Div. 793.)

Our conclusion is that the mortgage to the bank is a lien upon the fee of the premises described therein.

The judgments should be reversed and the complaint dismissed, with costs in all courts.

LEHMAN, Ch. J., LEWIS, RIPPEY, CONWAY, DESMOND and THACHER, JJ., concur.

Judgments reversed, etc.