In the Matter of the Application of GRACE S. CURLEY for Construction of the Will of JOHN L. CURLEY, Deceased, Pursuant to Section 145-a of the Surrogate's Court Act.*

GRACE S. CURLEY, Petitioner, and JAMES A. MARTIN, as Executor, etc., of JOHN L. CURLEY, Deceased, Appellants; WALTER JEFFREYS CARLIN, as Special Guardian for MARGARET CURLEY, an Incompetent Person, and Others, Including JAMES A. MARTIN, as Executor, etc., of JOHN L. CURLEY, Deceased, Respondents.

Second Department, May 24, 1935.

* Modfg. and affg. 151 Misc. 664.

*Jacob L. Holtzmann* [*Almeth W. Hoff* and *Vincent T. Follmar* with him on the brief], for the petitioner, appellant.

*Patrick J. Dobson* [*Maurice A. Krisel* with him on the brief], for the executor, respondent, appellant.

*Walter Jeffreys Carlin,* as special guardian for Margaret Curley, an incompetent person, respondent.

*Edward L. Kelly* [*Gardiner Conroy* with him on the brief], for the respondent St. Mary's Roman Catholic Church.

*Mortimer M. Cassidy* [*Laurence L. Cassidy* with him on the brief], for the respondent St. Matthew's Roman Catholic Church of East Stroudsburg, Pa.

*Thomas J. Armstrong,* for the respondents Hugh Curley and others, residuary legatees.

TOMPKINS, J.   Decedent's widow petitioned, under section 145-a of the Surrogate's Court Act, for a determination of her right to elect to take against the will as in intestacy.   Decedent's will made certain provisions for his wife " in lieu of dower, and any and all other rights in and to " his estate.   He attempted to devise to her certain real estate which had been in their joint names as tenants by the entirety, and which became wholly hers upon his death.   His will also contained a bequest to her of automobiles, automobile accessories and household furniture.   All except one automobile and possibly some furniture were already her property. He also directed his executor to " set apart from the net amount of my estate remaining after the devise " of the real estate above referred to, " a part or principal fund of my estate which added to the value of the said premises  *  *  *  shall constitute one-half the net value of my estate," and gave such part to a trustee to pay the net income to the widow for life.   The real estate was concededly worth over $2,500.   The trustee, by the terms of the will, is not required to furnish a bond; may name his successor, who is likewise not required to give a bond; is given power of sale upon such terms as to cash or credit as he deems proper; is not limited to legal investments, and " shall not be liable for any act

of omission or loss in the performance of his duties except for wilful neglect or misconduct." He is also authorized to make distribution in kind, and to fix the relative values for that purpose, which shall be binding and conclusive.

The surrogate decreed that the widow is entitled to exercise a limited right of election to take against the will pursuant to the provisions of paragraph (f) of subdivision 1 of section 18 of the Decedent Estate Law, and upon the valid exercise thereof shall be entitled to have erected into a trust for her benefit one-half of the net value of the estate, less the value of the real premises, and be entitled to receive in cash the value of said premises less the value of the articles of personal property above referred to, which were already her property by reason of prior ownership or under the provisions of section 200 of the Surrogate's Court Act.

The value of the securities owned by decedent at the date of his death was $220,000, of which but $108,000 are income-bearing, the yearly income therefrom totaling less than $3,000. Both the widow and the executor appealed.

While we must assume that the trustee will act legally, he may act in the interest of those who take the residuary estate, rather than for the benefit of the widow, and thereby frustrate the protection which the statute gives her. We think, as was held in *Matter of Byrnes* (141 Misc. 346; affd., 235 App. Div. 782; affd., 260 N. Y. 465), that this new right given a surviving spouse " should not be whittled down by the ingenuity of the draftsman of a will or by the design of the husband to deprive the wife of her lawful rights."

The testator has attempted to establish a trust from which little or no income may be derived. To entitle a testator to take away from a surviving spouse certain benefits which the law gives that spouse in case of intestacy, by the creation of a trust from which the survivor will derive merely income for life, the trust should comply with the terms of section 111 of the Decedent Estate Law and section 21 of the Personal Property Law, and the trustee should be bonded. The widow may, therefore, take not under but against the will, and is entitled to receive outright one-half the net estate. The decree of the surrogate is modified by striking out the following provisions of the decree:

" *Ordered, adjudged and decreed,* that Grace S. Curley, the surviving spouse of the said John L. Curley, deceased, be and she hereby is entitled and permitted to exercise a limited right of election to take against the Will of the said John L. Curley, deceased, pursuant to the provisions of paragraph (f) of subdivision 1 of Section 18 of the Decedent Estate Law, and it is further

" *Ordered, adjudged and decreed,* that upon the valid exercise of her right of election, the said Grace S. Curley shall be entitled to have erected into a trust for her life benefit one-half of the net value of the Estate less the value of the premises No. 150-80th Street, Brooklyn, New York, and be entitled to receive in cash the value of said premises less the value of the articles of personal property, if any, referred to in paragraph numbered second of the said Last Will and Testament of said John L. Curley, deceased, which does not already belong to her either by reason of prior ownership or pursuant to provisions of Section 200 of the Surrogate's Court Act."

And by substituting therefor the following:

*Ordered, adjudged and decreed,* that Grace S. Curley, the surviving spouse of the said John L. Curley, deceased, be and she is hereby entitled and permitted to exercise her right of election to take against the terms of the will of the said John L. Curley, deceased, and it is further

*Ordered, adjudged and decreed,* that upon the valid exercise of her right of election, the said Grace S. Curley shall be entitled to receive the value of one-half the net estate of decedent, after the deduction of debts, administration expenses and any estate tax.

As so modified the decree is unanimously affirmed, with costs to the appellant widow, to be paid out of the estate.

Present — LAZANSKY, P. J., HAGARTY, SCUDDER, TOMPKINS and DAVIS, JJ.

Decree of the Surrogate's Court of Kings county modified pursuant to opinion, and as so modified unanimously affirmed, with costs to the appellant widow, payable out of the estate.