In the Matter of the Application of MARY M. CLARK, Surviving Spouse, for the Determination of the Validity and Effect of Her Election to Take Her Intestate Share Against the Provisions of the Will of JOHN W. CLARK, Deceased. SIDNEY J. LOEB, THE CHASE NATIONAL BANK, and TESSIE D. LEVY, Executors and Trustees of JOHN W. CLARK, Deceased, Appellants; MARY M. CLARK, Respondent. — In a proceeding brought by the surviving spouse for the determination of the validity and effect of her election to take her intestate share against the provisions of the decedent's will, decree of the Surrogate's Court of Kings county unanimously affirmed, with costs to respondent, payable out of the estate. We are of opinion that the addition of subdivision (h) to section 18 of the Decedent Estate Law (Laws of 1936, chap. 234, in effect April 3, 1936) did not deprive the respondent, the surviving spouse, of her right of election against a will, exercised prior to the amendment, which will, in part at least, is concededly within the contemplation of the decision in Matter of Curley (245 App. Div. 255; affd., 269 N. Y. 548). (Matter of Bommer, 159 Misc. 511.) Present — Lazansky, P. J., Hagarty, Adel and Taylor, JJ.; Johnston, J., not voting.

In the Matter of the Judicial Settlement of the Intermediate Account of Proceedings of ALLAN R. CAMPBELL and JAMES W. GOOD, as Executors, etc., of CAROLYN L. CASPER, Deceased. WILLIAM F. CASPER, Appellant; ALLAN R. CAMPBELL and JAMES W. GOOD, as Executors, etc., of CAROLYN L. CASPER, Deceased, and JOEL MENCHER, as Special Guardian for CAROLYN GOOD, an Infant, etc., Respondents.— Appeal from a decree of the Surrogate's Court of Westchester county, settling the accounts of the executors of Carolyn L. Casper, deceased, in so far as it disallows the claim of the surviving spouse to the sum of $100,000 as a preferred legacy, and in so far as it holds, in effect, that it is not a demonstrative legacy. Decree, in so far as an appeal is taken, unanimously affirmed, with costs to respondents, payable out of the estate. No opinion. Present — Lazansky, P. J., Carswell, Davis, Adel and Taylor, JJ.

In the Matter of the Application of MORRIS LEFKOWITZ, Appellant, for a Mandamus Order against JULIUS GROSSMAN, INC., a Domestic Corporation, and JULIUS GROSSMAN STORES CORP., a Domestic Corporation, Respondents.— The petitioner moved for a peremptory mandamus order directing the respondent corporations to produce books and records for examination and inspection, or for an alternative order directed to the same purpose. The motion was denied. A reargument was granted, and on reargument the Special Term made an order in which it " adhered to " the original decision. The petitioner appeals from the original order in so far as it denied the application for an alternative mandamus order, and from the order entered on reargument. Order dated November 2, 1936, in so far as an appeal is taken, unanimously affirmed, with costs, in the exercise of discretion. No opinion. Appeal from order dated October 16, 1936, dismissed. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Close, JJ.