In the Matter of the Application of EMMA L. SCHRAUTH, Individually and as One of the Executors and as One of the Trustees under the Last Will and Testament of EDWARD L. SCHRAUTH, Deceased, for a Judicial Determination as to the Validity, Construction and Effect of the Will of EDWARD L. SCHRAUTH, Deceased, with the Exception of the Paragraph Marked " First " Thereof, Such Determination Being Sought as to That Portion of the Will Marked " Second " Including all Paragraphs under Said Division of Said Will Marked " Second " Down to the Paragraph Marked " Lastly " and for a Judicial Determination as to the Validity and Effect of the Election of Said EMMA L. SCHRAUTH to Take Her Intestate Share of the Estate of EDWARD L. SCHRAUTH, Deceased, Against the Provisions of the Last Will and Testament of EDWARD L. SCHRAUTH, Deceased. EMMA L. SCHRAUTH, Individually, Appellant; ESTATE OF EDWARD L. SCHRAUTH, Deceased, and EDWARD L. SCHRAUTH, Individually and as One of the Executors, etc., of EDWARD L. SCHRAUTH, Deceased, Respondents. (Proceeding No. 1.) — Appeal from a decree of the Surrogate's Court of Dutchess county adjudging that the will of the decedent herein complies with the requirements of section 18 of the Decedent Estate Law and with all other provisions of law and that it is in all respects a valid will; that the trust provisions in said will are valid with reference to Emma L. Schrauth, and that said Emma L. Schrauth is not entitled to take her share of said estate as in intestacy, and that the application of said Emma L. Schrauth for a share of the estate as in intestacy be denied, and that the proceeding for such one-third share be dismissed. The testator died December 12, 1935, leaving a last will and testament dated September 29, 1934. All of the property was left to the executors in trust for the widow for life. A dwelling house was to be retained and maintained by the trustees for her during her lifetime or as long as she wished. The testator directed the trustees to retain during the lifetime of his wife the shares of stock owned by him in J. Schrauth's Sons, Inc., of which he was president, unless his trustees decided to sell, but then only with the written consent of the five children of decedent. The widow was named as an executor with one of the sons, who was engaged in the business of said corporation. The executors were not required to give a bond. The record does not contain a statement of the properties of the estate. The parties, however, have stipulated as to those properties. It appears that almost the entire estate consists of 415 shares of the capital stock of said corporation. Since January 1, 1932, the business has been run at a considerable loss, although a substantial book value of the stock is indicated. Income

from the balance of the estate would not be sufficient to maintain the house. The balance of the stock in the corporation is held by members of the family. It is within the power of the five children to determine whether the stock held by the decedent should be sold. It clearly appears that although the testator has given his all in trust, the widow will receive next to nothing by way of income under the terms of this will. She, therefore, has a right of election. (*Matter of Curley*, 245 App. Div. 255; affd., 269 N. Y. 548.) Decree modified by striking out that part of the first ordering paragraph which follows the words " valid will," by striking out the second ordering paragraph in its entirety, and by adding a new paragraph providing that Emma L. Schrauth, the widow, is entitled to make her election under section 18 of the Decedent Estate Law and is entitled to her share of the decedent's estate as in intestacy. As so modified the decree is unanimously affirmed, with costs, payable out of the estate, to the parties filing briefs. Present — Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ.