In the Matter of the Estate of JACOB SIEGEL, Deceased.

Surrogate's Court, New York County, February 2, 1943.

*Irving D. Lipkowitz* for Dorothy Siegel, petitioner.

*Charles Howard Levitt* for Sidney Siegel, respondent.

DELEHANTY, S.  In this application to enlarge the time of the widow of deceased to file a notice of election the answering papers do not raise any issues of fact which require a hearing. The parties are in agreement as to what constitute the assets of the estate.  The brief in opposition to the application asserts that by reason of the terms of the will of deceased the surviving widow is disabled to make any election against it.  The latter says that she is unable to determine what her rights are because of the character of the assets of the estate.  The gross assets appear to have consisted originally of salable securities having a value of about $50,000 and of others of larger value still on hand.  The largest single asset reported as still on hand consists of what is described as a minority interest in a real estate holding corporation.  This interest is appraised at approximately $62,000.  The liabilities of the estate, as of the end of

1932, are said to amount to about $44,000. Of this sum more than $27,000 is said to be owed to the corporation just referred to. The alleged excess of assets over liabilities is said to be slightly over $35,000.

It is quite apparent on the face of these figures that the disposition of some or all of the shares of the real estate corporation will be imperative. The will gives broad powers of retention of securities and of management and disposal of securities to the brother of deceased who is named sole executor and trustee. There is nothing shown in the papers as to who are the controlling interests in the real estate corporation nor is anything shown as to the creation of the alleged indebtedness of deceased to that corporation. Whether comparable indebtedness exists on the part of other stockholders to the corporation is not shown.

In these circumstances the court deems it reasonable to give to the widow of deceased an extension of time within which to file her notice of election if she shall determine to do so. On the face of the will she would appear not to be entitled to elect but if the provisions for her shall turn out on further investigation to be illusory she may have that right. (*Matter of Clark*, 275 N. Y. 1; *Matter of Curley*, 245 App. Div. 255; *Matter of Schrauth*, 249 App. Div. 846.) In any event the affairs of the estate have not progressed to the point where its administration is seriously embarrassed by uncertainty over the widow's position. The court deems it appropriate to permit the widow to wait until there is developed on an accounting more information respecting the chief remaining asset of the estate and more information respecting the executor's handling of the alleged indebtedness of the estate.

Accordingly the application is granted to the extent of enlarging the time of the widow to make an election until twenty days after the marking for decree of the executor's account or six months from the date of the order to be made herein, whichever period is the shorter. In the accounting proceeding an application may be made by the widow for further extension provided the grant of such further extension shall not operate to defer the entry of the decree in such accounting.

Submit, on notice, order accordingly.