In the Matter of the Construction of the Will of IRVING SHUPACK, Deceased. In the Matter of the Estate of IRVING SHUPACK, Deceased. FLORENCE

SHUPACK, Appellant; EDWARD MORRISON, as Executor of IRVING SHUPACK, Deceased, et al., Respondents. (Consolidated Proceeding.) — Consolidated proceeding to construe a will and to determine the validity and effect of an election by the testator's widow, under section 18 of the Decedent Estate Law, to take an intestate share of the estate. The widow appeals from so much of a decree of the Surrogate's Court, Queens County, as (1) adjudges that the testamentary trustee has plenary managerial control of certain corporations, the stock of which was wholly owned by the testator and the assets of which were real property; and (2) determines the proceeding regarding the election adversely to the widow. Decree modified on the law and the facts, by inserting between the word "has" and the word "plenary" in the fourth decretal paragraph the word "not"; and by striking out of the fifth decretal paragraph the words "not" and "denied", and by substituting in place of said word "denied" the word "granted". As so modified, decree unanimously affirmed, with costs to all parties filing separate briefs, payable out of the estate. Findings of fact insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated herein. The testator died in 1953, leaving him surviving the appellant and two children. The children will attain their majorities in 1957 and 1961, respectively. The will, after bequeathing $2,500 to appellant, gives the residue of the estate to the testamentary trustee, the same to be divided into three equal parts, each part to constitute the principal of a separate trust. The income of each of two of the trusts is to be paid to the children, respectively, until the respective beneficiary attains majority, at which time the respective trust is to end and the principal is to be paid to said respective beneficiary. The income of the third trust is to be paid to the appellant during her life, with remainder over to the other two trusts or to the children. There are other contingent remainders which are not pertinent. At the time of the testator's death, the bulk of his assets were all the shares of stock of two industrial corporations and three real estate corporations, and he had contracted to buy additional real property. The executor consummated said contract, taking title in the name of a fourth real estate corporation, which he formed for the purpose, and using funds of one or more of the other corporations to take title. It appears that as of varying dates in 1953, the gross assets of all the corporations other than the one which the executor formed totalled about $750,000, that the net worth of those corporations totalled about $300,000, and that about $170,000 of their total liabilities was owing to the testator. In the light of the facts that the children's interests are necessarily antagonistic to appellant's, that at least upon the attainment by both children of their majorities they will have effective control of the affairs of the corporations by virtue of their outright ownership of two thirds of the stock, and that the question of whether income would be available for appellant, and, if so, the amount thereof, will depend upon whether the directors of the corporations declare dividends, bearing in mind that the right to challenge directors with respect to the declaration of dividends is circumscribed, we do not believe that the trust created for the benefit of appellant is one which may be said to be of such substantial benefit as to warrant a determination that she is not entitled to elect to take against the will. Despite the fact that the capital value of the principal of a trust appears to satisfy the conditions which under section 18 of the Decedent Estate Law would operate to bar a right of election if in fact because of other reasons the trust would not be of substantial benefit to the surviving spouse, the trust is illusory and the spouse would be deemed to have a right to elect to take against the will as in intestacy (*Matter of Wittner,* 301 N. Y. 461, 464–465; *Matter of Byrnes,* 141 Misc. 346, affd. 235 App. Div. 782, affd. 260 N. Y. 465: *Matter*

*of Schrauth,* 249 App. Div. 846). A corporation may be managed only by its directors (*Manson* v. *Curtis,* 223 N. Y. 313; *Boag* v. *Thompson,* 208 App. Div. 132) and a testamentary fiduciary, though owning the controlling amount of stock of a corporation, may not take management of the corporation out of the hands of the directors (*Matter of Kohler,* 231 N. Y. 353, 367; see, also, *Matter of Doelger,* 254 App. Div. 178, affd. 279 N. Y. 646). Accordingly, despite powers given by the will to the trustee to deal with such real estate as might be present in the trust, the court was without power to authorize the trustee to manage the real estate corporations and to do so " as though the said real estate were held outright by the Trustee in unincorporated form ". Present — Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ. [206 Misc. 875.]