Settle order.

In the Matter of the Estate of MELVILLE CLARK, Deceased. DOROTHY S. CLARK, Appellant; TIMOTHY D. CLARK, Individually and as Executor of MELVILLE CLARK, Deceased, et al., Respondents.

Fourth Department, May 21, 1956.

*Henry S. Fraser* and *Clifford H. Searl* for appellant.

*John Benjamin Carroll* and *Harley J. Crane* for Timothy D. Clark and another, as executors of Melville Clark, deceased, and another, respondents.

KIMBALL, J. This appeal by the widow of the testator brings up for review and determination the question of the widow's right to elect to take her share of her husband's estate as in intestacy, pursuant to section 18 of the Decedent Estate Law. By decree of the Surrogate's Court, she has been denied that right.

The testator died leaving his widow, the appellant, and three adult children. After directing the payment of his debts and funeral expenses, the will gave to trustees one third of his net estate " for the following uses and purposes: (a) Said Trustees shall pay over to my wife, Dorothy S. Clark, the sum of Twenty-five Hundred Dollars ($2500.00) outright. (b) Said Trustees shall continue the balance of said one-third of my net estate, in trust, and shall hold, manage, invest and re-invest the same, and shall pay the net income therefrom to my said wife, Dorothy S. Clark, during her lifetime." The will provided that, at the death of the wife, the remainder of the trust fund was bequeathed in equal shares to the three children. This was the sole provision made for the wife and there is no power to invade principal given to anyone for any purpose whatsoever.

The will then devised and bequeathed " all the rest, residue and remainder of my estate to my children, Melville Clark, Jr., Dorothy E. Clark, and Timothy D. Clark, in equal shares IN TRUST, HOWEVER, to be held by my said Trustees for the following uses and purposes: (a) To hold, manage, invest and re-invest the same as separate shares, but as one trust, and pay the net income thereof to my said children until the death of my wife Dorothy S. Clark, at which time I direct the rest, residue and remainder of my estate, including the balance of said shares of said trust to be given to my said children above mentioned. * * * (b) Provided, however, the Trustees shall have the sole discretion and full power to invade the principal of said trust fund from their share for the every need, comfort, enjoyment, maintenance, support, education, or for any proper purpose that may be for the benefit of my said children above

named." One of the trustees named for both trusts is Timothy D. Clark, son of the testator, who is one of the remaindermen of the widow's trust and one of the beneficiaries of the trust for the children.

The bulk of the assets of the estate consists in 418 shares of the preferred stock of the Clark Music Company, appraised at $41,800 and 1,815 shares of the common stock appraised at $251,740.50. There were also proceeds from life insurance policies and some equity in two farms, the value of which does not appear. It is evident that after the administration of the estate, the principal of the two trusts when set up, will consist largely if not solely of the stock of the Clark Music Company. It is equally evident and undisputed that for years, the stock has been non-income-producing. There has been no dividend on the common since 1930. Since 1931, the net profit of the corporation after taxes has amounted to $196,505.57 while the total net loss has been $203,912.62. From 1931 to 1954, the net worth of the company increased only $18,972.78. During that period, accumulated dividends on preferred stock have amounted to $113,344.

It is not the appellant's contention that, in form, the trust for her benefit is not in conformity to the minimum requirements of section 18 of the Decedent Estate Law. No issue is made of that. The appellant's contention is that, although proper in form, the trust is a dry and illusory trust from which there is little or no likelihood that there will be any income; that as a gift of income for life, it is but a shadow and without substance. The respondents do not seriously challenge the appellant's position in that respect. It seems to be their claim that since the testator is presumed to have intended that the widow receive income, the trustees, with power of sale, acting under the direction of the Surrogate, pursuant to section 18 (subd. 1, par. [h]) of the Decedent Estate Law, will be able to provide such income. Just how that is to be accomplished is not clear except by a sale of the stock, not only that allotted to the appellant's trust but also that allotted to the children's trust. The present position of the respondents is not reflected in the opinion of the Surrogate. He held that the fact the trust corpus would produce no income did not entitle the widow to a right of election. His reasoning was strictly literal in respect to the right of election. He said: "The provisions of the will give to the surviving spouse a fair cross section of the actual estate assets as the principal of her trust and *she is entitled to nothing more.* * * * it is my considered opinion that the trust created for the widow is sufficient inasmuch as *it is composed of assets*

*with capital value equal to the intestate share* and that the surviving spouse has a limited right of election.'' (Emphasis mine.) On this appeal, the respondents have not relied upon the literal interpretation of the legislative intent which the Surrogate stated but agree that, in order to defeat the right of election, it must be demonstrated that the trust is something more than an illusory nonproductive set-up which, on its face, exhibits the minimum requirements of the statute.

We think it can no longer be questioned that, in order to defeat the right of election, the trust for the surviving spouse must be a substantially beneficial one. The doctrine is recognized that section 18 must be liberally construed in favor of the surviving spouse to fulfill the purpose of the Legislature that a surviving spouse should retain the right of election, '' in spite of any will, unless the instrument should provide substantial equivalent.'' It is unnecessary to do more than call attention to the decisions which state the doctrine that a gift of income for life to a surviving spouse must be just that in order to defeat the right of election. Such trust or gift of income does not comply with the statute when there is no income. (*Matter of Wittner,* 301 N. Y. 461; *Matter of Greenberg,* 261 N. Y. 474; *Matter of Curley,* 245 App. Div. 255, affd. 269 N. Y. 548; *Matter of Clark,* 275 N. Y. 1; *Matter of Schrauth,* 249 App. Div. 846; *Matter of Schmidt,* 171 Misc. 95, affd. 257 App. Div. 827, affd. 282 N. Y. 787; *Matter of Siegel,* 180 Misc. 818; *Matter of Halperin,* 201 Misc. 763; *Matter of Shupack,* 206 Misc. 875, mod. 1 A D 2d 841.)

In order to defeat the widow's right to elect the respondents must carry the burden of proving facts in bar of the right. '' Those who assert lack of right in the surviving spouse have the burden of establishing the facts required to be shown to bar the spouse. Once the status of surviving spouse is established the right to elect or to succeed presumptively attaches.'' (*Matter of Green,* 155 Misc. 641, 649, affd. 246 App. Div. 583.) In the instant case, the respondents have wholly failed to show the trust to be a substantial and income-producing one. There is no proof that there will ever be any income by way of dividends on the stock. It could not be demonstrated that the directors of the corporation would declare dividends even if the operations of the company at some future time justified it. The trustees under the will will not be the owners of all the stock of the company. The company will continue to be managed by its directors. The trustees will have no authority to declare dividends. To meet this situation and to defeat the widow's

right, the respondents now say that when, "in the best interests of the estate" they deem it advisable, they will sell the stock. It is uncertain whether they mean all of the stock held by them which constitutes a majority interest or only that held in the widow's trust which would be a minority interest. The testator used the words "for the best interests of my estate." What might be for the best interests of the children would not necessarily be for the best interests of the widow. The same trustees will hold the stock in both trusts. The widow needs income. Her principal may not be invaded. The children may wish to retain control of the company and make it profitable at some future time. There is power to invade for their benefit. If the widow's stock only is to be sold by the trustees, it seems evident that buyers for a minority interest in a corporation which does not make money would expect a bargain. As to a sale of all of the stock, including that held for the children, it might be doubted whether such a sale would not contravene the express provisions of the will. It is true that there is a bare power of sale given to the executors and trustees. The intention of the testator as to the sale of his stock, however, is divulged in no uncertain terms. The will not only authorizes the retention of the stock but provides: "it is my *direction* that they hold the stock of the Clark Music Company as such Executors and Trustees *for the purpose of continuing the business of said corporation * * *.* It is my intention that my said stock be voted and used to conduct the business of the Clark Music Company so long as my said Executors and Trustees shall deem for the best interests of my estate." If there could be any doubt as to the testator's intention, it is dissipated by the sentence; "It is my desire and wish that the said stock be held and the business conducted as nearly as though I were living, and my *main object is to preserve the business* and carry on the name of Clark Music Company, *and it is my intention in this Will to accomplish this.*" (Emphasis mine.)

Whether the widow could compel the sale of the stock in her trust is something which would have to be decided when such application was presented. We may only guess as to what the decision would be in view of the positive directions of the will to hold the stock. In any event, it is my opinion that the widow is not required to conduct some proceedings in Surrogate's Court in order to obtain some income from the trust. Nor is she required to await a judicial settlement sometime in the future when she may ask to surcharge the trustees.

The decree should be reversed and the petition granted.

WILLIAMS, J. (dissenting). The question in this case is whether an absolute election has been defeated by a trust which in form complies with the requirements of section 18 (subd. 1, par. [d]) of the Decedent Estate Law, but is composed of stock which is presently nonproductive of income. The Surrogate, by section 18 (subd. 1, par. [h]), is vested with a general supervisory power to make such "direction consistent with the provisions and purposes of this section as the court may deem necessary for the protection of the surviving spouse." The surviving spouse is thus amply protected and, at the same time, the testator may exercise reasonable flexibility in the disposition of his estate.

The Clark will, while declaring as its dominant intent the continued operation of the Clark Music Company, nevertheless subordinates that intent to "the best interests of my estate." The Surrogate may therefore direct the sale of unproductive assets without accomplishing a complete revision of the will or effecting an unnecessary disruption of the testamentary plan. Where the trust is adequate in form, an absolute election should not be granted so long as the Surrogate may protect the widow's rights by the exercise of the supervisory power conferred by section 18 (subd. 1, par. [h]) in a manner not inconsistent with the terms of the will.

The cases relied upon by the widow are not opposed to this principle for they relate to situations in which the intestate share was subject to diminution or "whittling away" under the terms of the will (*Matter of Wittner,* 301 N. Y. 461; *Matter of Matthews,* 255 App. Div. 80, affd. 279 N. Y. 732), or where the protection of the spouse's rights would require the Surrogate's Court in effect to rewrite the terms of the will (*Matter of Schrauth,* 249 App. Div. 846), or would require the court to exercise powers in excess of those conferred by section 18 (subd. 1, par. [h]). (*Matter of Shupack,* 206 Misc. 875, mod. 1 A D 2d 841; *Matter of Halperin,* 201 Misc. 763.)

The reversal of the order destroys the prerogative of the testator to exercise reasonable flexibility and discretion in his dispositive plan.

I, therefore, dissent.

All concur, except WILLIAMS, J., who dissents and votes for affirmance, in a separate opinion. Present — McCURN, P. J., VAUGHAN, KIMBALL, WHEELER and WILLIAMS, JJ.

Decree reversed on the law and facts and application granted, with costs to all parties filing briefs payable out of the estate.