S. Samuel Di Falco, S.
This is an application by the widow of testator to determine the validity of an election by her to take against the will pursuant to section 18 of the Decedent Estate Law.
Under paragraph Second of the will testator created a trust of 60% of his capital stock in Aviquipo, Inc. for the benefit of his widow, with net income to her for life, and with power of appointment over the remainder. He left the other 40% under paragraph Fifth, in trust for his sisters, measured by the lives of the two youngest with remainder to the survivor and the issue of those who died. Under paragraph Third he gave the trustee power to sell the stock or liquidate the corporation if, in his sole discretion, he deem it inadvisable to continue operation of the business or deem it to the best interests of the beneficiaries. In that event, the trusts terminate and the principal is payable to the life tenants living at that time.
*678 It appears that the decedent owned 2,400 shares or 90% of said stock, valued at about $327,000; that the widow owns the remaining 10%; that no dividends were ever declared to the time of his death in 1956, but that about $7,200 in dividends were declared in the fiscal year following his death, of which 60% was allocated to the widow; that she has been elected secretary of the corporation at an annual salary of $13,200 and has also been elected a director; that the trustee is chairman of the board of directors and is authorized under the will to retain complete control of the management and affairs of the corporation; that salary increases and bonuses have been voted for officers and employees, and that the trustee has received remuneration for legal services to the corporation. It further appears that the residuary estate had a market value of about $52,000 with annual income of about $2,370, but the total debts, funeral and administration expenses, and estate taxes (payable under paragraph Sixteenth of the will from the residuary estate) exceeded the value of the residuary estate, so that the sole benefit to the widow is derived from her trust under paragraph Second of the will.
Petitioner contends: (1) that her trust does not represent a fair cross section of the estate and therefore is not a bequest sufficient to bar her absolute right of election to take her intestate share under section 18 of the Decedent Estate Law; and (2) that the trust is illusory by reason of the broad powers and immunities granted the trustee under the will.
As to (1) supra, the facts herein come squarely within the ruling of the Court of Appeals in Matter of Shupack (1 N Y 2d 482). There testator bequeathed $2,500 outright to his widow and gave the residue in trust in three equal shares, one share to be held in trust for life for the benefit of the widow and the other two shares in trust for the benefit of his two children. The corpus consisted mainly of six wholly-owned corporations. The widow asserted a right of election claiming that the trust for her benefit was inadequate and illusory, since having a minority interest in closed corporations, she would be at the mercy of the holders of the majority interests, for the declaration and amount of dividends. The court held that by bequeathing her $2,500 and also a life interest in a trust of one third of the residuary estate, testator gave her the equivalent of her intestate share and fully complied with the statute. The court said (pp. 487-488):
“ Contrary to respondent’s argument, the statute was not, and rationally could not have been, designed to guarantee any particular income or any particular standard of living to the surviving wife. The widow must accept her share of what her husband owned. * * *
*679 ‘ ‘ While there is a danger that the widow will not receive an income from her trust proportionate to that received by her husband during his life, that consequence flows from the character of his property rather than from any failure on his part to comply with the provisions of law enacted for the benefit of the surviving spouse. * * *
1 ‘ We agree that the right to elect against the will is not barred where the trust, although in form complying with section 18, is, in fact, illusory or not the substantial equivalent of the intestate share. But, as the case before us illustrates, * illusory ’ has not the same meaning as ‘ possibly unproductive of real income ’. The decision in which a testamentary trust to the surviving spouse has been branded as ‘ illusory ’ have either involved a duration shorter than the life of such spouse (Matter of Byrnes, supra, 260 N. Y. 465) or a corpus subject to invasion and reduction of amount. (Matter of Wittner, supra, 301 N. Y. 461; Matter of Matthews, 255 App. Div. 80, affd. 279 N. Y. 732; Matter of Schrauth, 249 App. Div. 846.) ”
The factual situation in the instant case is even stronger in favor of the widow than that presented in Matter of Shupack (supra). The contention that the trust corpus does not represent a fair cross section of the estate is best met by the fact that the value of the corporation constituted the principal part or over 86% of the estate of which testator died possessed. It has been income-producing for the past year and the widow also receives a salary as one of its officers. There is a power in the trustee to sell the stock, thus terminating the trust. The residuary estate represented less than 15% of testator’s possession.
The court accordingly holds that the testator has given his widow more than the equivalent of her intestate share, has thus fulfilled the requirements of section 18 of the Decedent Estate Law, and that the widow has no absolute right of election to take against the will. She has, however, the limited right to take $2,500 in cash out of the trust for her benefit.
With respect to (2) supra, the court holds that the powers authorized in the will do not either singly or in the aggregate give to the widow an absolute right of election to take her intestate share. (Decedent Estate Law, § 18, subd. 1, par. [h].) As pointed out by the Court of Appeals in Matter of Shupack (supra), the widow does not lack a remedy if the trustee conducts the affairs of the corporation to her prejudice. It said (pp. 488-489) as follows: “ This is not to say, though, that a testator, who dies possessed of both income producing and non-income producing property, may so divide his estate as to bequeath to his wife only the unproductive portion. When we are confronted *680 with such a case, we shall deal with it. Nor does our decision mean, or even remotely suggest, that the widow would lack a remedy if the designated trustee were to prove faithless to the trust or were so to conduct and manage its affairs as to prejudice or discriminate against her interests. (See, e.g., Matter of Hubbell, 302 N. Y. 246.) All we are now holding is that, where a testator has left to his spouse one third of all of his property, fairly and equitably divided, either outright or in trust in accordance with the provisions of the Decedent Estate Law, the fear or possibility of misconduct on the part of the trustee or of the corporate directors, managing the property, does not give rise to a right of election under section 18.”
Submit decree on notice accordingly.