S. Samuel Di Falco, S.
In this proceeding brought by the widow to determine the validity and effect of the exercise by her of a right of election it becomes necessary to construe the decedent’s will.
Although it is apparently conceded that under the terms of the will the widow will receive her full intestate share of the decedent’s estate, the contention is made that paragraph Twelfth of the said will effects a limitation of her right to receive the full income of the trust which warrants the exercise by her of a right of election pursuant to the provisions of section 18 of the Decedent Estate Law.
The pertinent language of paragraph Twelfth of the decedent’s will which requires construction reads as follows: “ Whenever it shall be the duty or within the discretion of my *41 Executors and/or Trustees either to deliver to, or to pay over to, or apply for the benefit of any beneficiary, whether adult or minor, either principal or income or both or any other share of my estate, they may, in their absolute discretion, make such deliveries or payments: (1) to such beneficiary directly, or (2) by the payment of such beneficiary’s bills, or (3) to the spouse, either parent, the legal guardian, or any adult child of such beneficiary, or any other person having the care and custody of such beneficiary ”.
In paragraph Seventh of his will the decedent created a trust for the benefit of his wife in an amount equal to her intestate share of his estate and directed his trustees “ to pay quarterly or at more frequent intervals the net income thereof to my said wife for and during her said life ”. The discretionary power given to the trustees in paragraph Twelfth which allegedly gives them the absolute right to divert the income of the trust to others must accordingly be judged in the light of this fact. The primary direction of the testator was for the payment of the net income of the trust to his wife for life and the testator undoubtedly intended that her best interests should serve in every instance as a guide for the trustees. Insofar as the papers disclose the widow is able to manage her own affairs. Perhaps the testator believed that some future illness or infirmity might render his wife unable to care for herself and he desired that the trustees be able to assure her care and comfort. Perhaps he thought that the trustees would be able to relieve his wife of a host of financial details that might annoy her. These may well have been the considerations which prompted the testator to give his trustees these additional discretionary powers but in any event the trustees cannot, as the widow suggests, ignore the first direction of the testator which was to pay her the income from the trust. The said trustees cannot pay her bills without her consent nor do they have any occasion to pay the income to any third person having her care and custody so long as she remains able to manage her own affairs.
In judging whether or not a given power impairs the widow’s interests we must consider only such exercise of the power as a trustee acting in good faith and in pursuance of a lawful purpose may seek to undertake. We are not to test it by the act of a trustee who seeks deliberately to prejudice the interests of some beneficiary or to press the power to its uttermost limits without regard to its effect on the beneficiaries or the trust, because for such wrongful act he will be held accountable. The power given here was intended only as an aid to more general powers given to the trustees with respect to the administration *42 of both trusts created by the testator in his will and cannot be-exercised in an unreasonable manner. (Matter of Niedelman, 11 Misc 2d 676, mod. on other grounds 6 A D 2d 291, affd. 5 N Y 2d 1043; Matter of' Barr, 142 N. Y. S. 2d 554.)
Subdivision 1-h of section 18 of the Decedent Estate Law was enacted as a direct result of the Appellate Division decision in Matter of Curley (245 App. Div. 255, affd. 269 N. Y. 548). In that decision the court held that any grant of powers by a testator to his executors or trustees which served to whittle down the rights of a surviving spouse gave her a right of election. The enactment of the subdivision in 1936 was intended to correct the situation as it is indeed a rare occasion that a will is drawn in which some grant of power is given to executors and trustees which cannot be said to impinge upon the widow’s rights.
It is the opinion of this court that the provisions contained in paragraph Twelfth of the decedent’s will fall properly within the class of will provisions contemplated by the Legislature when it enacted section 18 (subd. 1, par. [h]) of the Decedent Estate Law. As was stated by my learned predecessor Surrogate CoLL-ms in Matter of Edwards (2 Misc 2d 564, 567, affd. 2 A D 2d 838, affd. 3 N Y 2d 739): “ The power of this court is not limited to those powers specifically enumerated in paragraph (h) of subdivision 1 of section 18 of the Decedent Estate Law; it is one of general equitable supervision to assure both the testamentary scheme proposed by the decedent and fair participation of the spouse (Matter of Herts, 165 Misc. 738; Matter of Wardi, 129 N. Y. S. 2d 279, affd. 284 App. Div. 978; cf. Matter of Curley, 245 App. Div. 255, affd. 269 N. Y. 548).”
The trust created by this testator for the benefit of his surviving spouse in paragraph Seventh of the will is not a trust which “ will yield little or no income or otherwise ingeniously * * * deprive the widow of her intestate ” share within the meaning of Matter of Clark (275 N. Y. 1, 5) and paragraph Twelfth of the will cannot be construed as a restriction upon the widow’s right to receive the full income of the trust which gives rise to a right on her part to exercise a right of election. Section 18 (subd. 1, par. [h]) specifically provides that: “ the surrogate’s court having jurisdiction of the estate, notwithstanding the terms of the will, shall have power in an appropriate proceeding by the surviving spouse or upon an accounting to direct and enforce for the protection of the surviving spouse an equitable distribution, allocation or valuation of the assets, and to enforce the lawful liability of a fiduciary, and shall have power also to make such other direction consistent with the *43 provisions and purposes of this section as the court may deem necessary for the protection of the surviving spouse.” (Emphasis added.)
This court invoking the power conferred upon it by the section for the protection of the surviving spouse, therefore, directs the trustees to make payment of the entire net income of the trust directly to the widow.
The court accordingly holds that the widow has no right of election to take against the decedent’s will and that her exercise of such right is invalid. Submit decree on notice or consent accordingly.