S. Samuel Di Falco, S.
The motion for reargument is granted. The court has considered carefully the argument of the moving party. That argument indicates that counsel misconceived the holding of the court in its prior decision (29 Misc 2d 40). In order that there be no misunderstanding, the court will restate the reasons for its decision.
First, the court construes the will as requiring the trustees to pay the entire income of the trust to the widow during her lifetime. The direction “ to pay ” the entire net income to her is stated explicitly and clearly. The parties assumed that paragraph Twelfth of the will gave same discretion to the trustees of this trust, although they were not in agreement as to the extent of that discretion. The court, speaking of the discretion as “ allegedly ” existing, stated that in any event it could not impair the widow’s right to the income. Counsel for the moving party appears to understand such reference to mean that the court construed paragraph Twelfth as actually affecting paragraph Seventh. The court made no such construction of the will.
Paragraph Seventh of the will is judically construed as containing a mandate to the trustees to pay all of the net income of the trust to the widow. The court construes paragraph Twelfth as wholly inapplicable to the trust for the life use of the widow. By its very terms the later paragraph becomes *918 applicable “ [w]henever it shall be the duty or within the discretion of my Executors and/or Trustees either to deliver to, or to pay over to, or apply for the benefit of any beneficiary * * * principal or income or both ”. It thus becomes applicable only when the fiduciaries are enjoined or permitted either (1) to deliver or to apply, or (2) to pay or apply. The Seventh paragraph does not give the executors or trustees the slightest discretion to either pay or apply. It explicitly directs them to pay. Insofar as the terms of this will are concerned, no duty is prescribed for application of the income for the benefit of the widow. The trustees are commanded to pay all net income to the widow. A reading of the Eleventh paragraph of the will clearly reveals the purpose and scope of the paragraph immediately following it. Paragraph Eleventh does contain grants of discretion to pay or apply both income and principal, but paragraph Eleventh does not in any way relate to the trust during the lifetime of the widow.
The court, therefore, holds that the will of this testator, read as a whole, provides for payment of all net.income from the trust in question to the widow, and it gives no discretion at all to the trustees to dispose of the income in any other way.
Secondly, as the court indicated in its prior decision, even if the will could be construed as authorizing the trustees to pay or to apply income to the widow’s use, the grant of such authority would not entitle the widow to elect to take against the will. Fairly construed, such a provision would not in any way diminish or impair the widow’s right to the entire net income. Trustees must execute the trust which the testator has confided to them. They must make such disposition of the fund, income and principal, as will discharge them from liability for the portion disbursed. When the beneficiary of the trust is a competent adult, nothing can discharge the trustees other than direct payment to him or her, or application of the money with his or her consent. (See Leggett v. Perkins, 2 N. Y. 297, 313; Public Trustee v. Aspinall, [1928] Ch. 915, 918.) On the other hand, payment of money to a known mental incompetent would not be a discharge of the trustees’ duty, even where the trust instrument directs them to pay funds directly to the beneficiary. However, legal incapacity to manage one’s property does not destroy his ownership of it. As the court noted in its original decision, the widow is perfectly competent to manage her own affairs and there is no basis in the present record for even discussing authority that would come into existence if she were not able so to do. All that the court means to point out is that sometimes *919 a trust instrument, and sometimes principles of equity jurisprudence, recognize as a satisfaction and discharge of trust obligations, disbursements or payments that would not be so recognized if the beneficiary were a competent adult. The very tenor of paragraph Twelfth indicates that the testator was thinking of a beneficiary under a disability, particularly a minor. It is not in any way inconsistent with absolute ownership of the property by the beneficiary. Indeed, paragraph Eleventh which does grant discretion with respect to others is applicable only as to property vesting absolutely in a minor.
Insofar as the widow’s right of election is concerned, the important and significant point is not who shall manage her assets if she cannot do so herself, but rather whether she is vested with full and complete rights to the entire income or is to have simply as much as the trustees give her. There can be no doubt on this record that the widow has unabridged rights to the entire income of the trust even if it were possible to read paragraph Twelfth as applicable to her trust. Thus, the court said in its prior decision that even if the alleged discretionary power existed, it could not diminish the beneficiary’s ownership of the entire net income. What must be kept clearly in mind, however, is that the court holds, first, that no discretionary power to apply income for the benefit of the widow is given to the trustees in this will. In saying that a discretion to apply income does not impair the beneficiary’s right to the entire income, the court did not rule that the alleged discretionary power did in fact exist. It ruled to the contrary.
Finally, the court said that even if the will did not direct payment of all income to the widow, and even if the will did authorize the trustees to apply income for her benefit, and even if such a grant of authority would otherwise have impaired the widow’s rights under section 18 of the Decedent Estate Law, the purported grant of such authority would not give her an absolute right of election when the Surrogate acted under paragraph (h) of subdivision 1, of that section equitably to protect her interests. The present motion for reargument is directed entirely to this point. We do not reach this point at all unless the court has incorrectly construed the will and unless the court has further misconceived the effect of a power to apply income for the benefit of one to whom the entire net income is bequeathed. It is, threfore, unnecessary to discuss that point beyond what the court has heretofore said.