Maximilian Moss, S.
Testator died February 9,1960 leaving surviving his widow one child and no descendants of any predeceased child or children. There is no provision in testator’s will for the widow other than a contingent bequest of $3,000 should testator’s son predecease him. Testator’s widow duly *642 filed and recorded a notice of election against testator’s will. Application is made to determine the share to which the widow is entitled. Testator died subsequent to the effective date of chapter 689 of the Laws of 1959, amending subdivision 1 of section 83 of the Decedent Estate Law granting a surviving spouse one half of the net intestate estate.
The law of descent and distribution so amended by chapter 689 of the Laws of 1959, effective July 1, 1959 provides that in cases where there is only one surviving child or the issue of only one predeceased child and no issue of any other predeceased children, the surviving spouse shall take one half of the net estate instead of one third as previously provided. Thus when the language of subdivision 1 of section 18 of the Decedent Estate Law is read giving to the surviving spouse a personal right of election “ to take his or her share of the estate as in intestacy”, it would normally be concluded that a surviving spouse could elect to take her intestate share of one half of the estate. This clear language of section 18 of the Decedent Estate Law however must be read in conjunction with the last proviso of subdivision 1 of section 83 of the Decedent Estate Law as amended which reads as follows: “ provided, however, that the provisions of this sentence [giving one half instead of one third] shall not apply in the instance of any exercise of a right of election pursuant to section eighteen of this chapter.”
In connection with his approval of the amendment, Governor Rockefeller, in his message dated April 22, 1959, stated in part as follows:
‘1 The primary purpose of this bill is to increase the intestate share of a surviving spouse from one-third to one-half of the estate when the decedent is survived by a spouse and not more than one child or not more than the issue of one child. The desire is to avoid the anomalous situation of an only child receiving two-thirds of the estate of a decedent and the widow, who often must care for the child, receiving one-third. The bill also would deal with the question of intestate rights where it cannot be established if a child predeceased his mother or father.
“ The bill would not be applicable to the exercise of a surviving spouse’s right of election under section 18 of the Decedent Estate Law ” (emphasis supplied).
The court determines that the widow’s elective share under (subd. 1, par. [a]) section 18 of Decedent Estate Law is one third of the net estate, after the deduction of debts, funeral and administration expenses, but before deduction of any estate taxes (Matter of Wolf, 307 N. Y. 280; Matter of Noble, 2 A D *643 2d 897; Decedent Estate Law, § 83, subd. 1, as amd. eff. July 1, 1959).
The right of the widow to a greater share resulting from a possible intestacy with respect to the trust remainder of the son’s lifetime trust is not presently necessary for determination.