In the Matter of the Estate of CONRAD TRUBENBACH, Deceased.
Surrogate's Court, New York County, June 8, 1962.

*Wormser, Koch, Kiely & Alessandroni* for Edward M. Truben-bach and another, as executors, petitioners. *Gillespie & O'Connor* for Manville F. Hendrickson and another, respondents. *Burling-ham Underwood Barron Wright & White* (*Herbert M. Lord* and *Harrington Harlow* of counsel), for Janet Trubenbach, respondent. *Woodson D. Scott*, as special guardian for Jill A. Hendrickson and another, infants, respondent.

JOSEPH A. Cox, S. This proceeding was instituted by the executors to determine the legal effect and validity of the right of election exercised by the testator's widow pursuant to the provisions of section 18 of the Decedent Estate Law. The testa-tor died on June 30, 1961 leaving a last will and testament dated December 30, 1960, which was duly admitted to probate in this court on August 9, 1961. The testator's sole distributees are his widow, the respondent in this proceeding, and two infant

grandchildren who are the issue of a daughter who predeceased him.

In articles THIRD and FOURTH of his will the testator bequeathed personal property to his wife and, by the SIXTH article, he created a trust for her benefit. These testamentary provisions are attacked on the ground that they do not provide the widow with her " intestate share " of the estate within the meaning of section 18 of the Decedent Estate Law. It appears to be conceded that the value of the property to be received by the widow under articles THIRD and FOURTH exceeds $2,500, but the claim is made that the principal of the trust created for the widow under article SIXTH is not equal to the excess between the legacies and her intestate share and, for this reason, the will fails to meet the requirements of paragraph (d) subdivision 1 of section 18.

The testator in article SIXTH carefully provided that the trust for his wife should " consist of that portion of my residuary estate which, when added to the value of the property bequeathed to my wife, Janet, under Articles ' THIRD ' and ' FOURTH ' above, shall be equal in value to the intestate share which my wife would have the right to elect to receive under section 18 of the Decedent Estate Law of the State of New York, as the same shall be in effect at the time of my death." He then provided that the trust income be paid or applied for the benefit of his wife during her life and he went on to authorize the trustee to pay to the wife so much of the principal of the trust as the trustee " in its sole discretion, deem advisable for any purpose whatsoever." There follows a suggestion by the testator that the trustee be liberal in the exercise of his discretion in providing for the welfare and comfort of his wife.

A simple reading of the articles in question make it apparent that the will was drawn with a view toward giving the widow her full intestate share of the estate and that she will in fact receive, at least, her full intestate share within the meaning of section 18 of the Decedent Estate Law. The amendment to section 83 of the Decedent Estate Law enacted by the Legislature in 1959 had for its purpose the elimination of an inequality which existed when a spouse died intestate leaving only one child or only the descendants of one child. Under the intestate laws of distribution as they existed prior to the amendment, the surviving spouse would receive one third of the deceased spouse's estate and the child would receive two thirds even though the surviving spouse was charged with the duty of maintaining the child. This situation, which often created a hardship, was corrected by the 1959 amendment to section 83 by providing that the surviving spouse is entitled to one half of the estate. The respondent here

asserts that this amendment entitles her to an elective share equivalent to one half of the estate but this contention ignores the explicit text of the 1959 amendment. The amendment itself is unequivocal as to its application. After providing for equality of distribution between a surviving spouse and one child, or the descendants of one child, the amending sentence reads: " * * * provided, however, that the provisions of this sentence shall not apply in the instance of any exercise of a right of election pursuant to section eighteen of this chapter " (L. 1959, ch. 689). It was obviously the intention of the Legislature not to make any change with respect to the elective share of a surviving spouse (*Matter of Weiss*, 33 Misc 2d 641), and the intestate share which a surviving spouse is entitled to take by way of an election against the provisions of a will is limited to one third of the testator's net estate when the testator is survived by issue, without regard to the number of such issue.

It is the further contention of the surviving spouse that she has a right to elect to take against the provisions of the will because the executors and trustee are given powers which endanger her right to the full income of the trust and which, in effect, make the trust illusory. The testator did grant broad powers to his executors and trustee but the powers vested in them are within those enumerated in paragraph (h) of subdivision 1 of section 18 of the Decedent Estate Law and are not powers which render the trust illusory. As this court held in *Matter of Edwards* (2 Misc 2d 564, affd. 2 A D 2d 838, affd. 3 N Y 2d 739) and *Matter of Uhlfelder* (29 Misc 2d 40; 31 Misc 2d 917, affd. 16 A D 624), powers such as those conferred upon the executors and trustee in this will cannot be judged on the basis that they may be arbitrarily or prejudicially used to the detriment of the income beneficiary. " In judging whether or not a given power impairs the widow's interests we must consider only such exercise of the power as a trustee acting in good faith and in pursuance of a lawful purpose may seek to undertake. We are not to test it by the act of a trustee who seeks deliberately to prejudice the interests of some beneficiary or to press the power to its uttermost limits without regard to its effect on the beneficiaries or the trust because for such wrongful act he will be held accountable." (*Matter of Uhlfelder*, 29 Misc 2d 40, 41, *supra*; see, also, *Matter of Greene*, 34 Misc 2d 630, affd. 14 A D 2d 544; *Matter of Clark*, 275 N. Y. 1.)

The testator's directions with respect to the stock of the Percy Manufacturing Company, Inc., which company was almost wholly owned by him and comprises approximately 50% of the estate assets, do not in any way infringe upon the widow's right to

receive the full benefit of the trust created for her under article SIXTH of the will. This is so despite the fact that some of the stock may make up part of the corpus of the widow's trust and control of the company may some day be in the hands of the family members not sympathetic to her (*Matter of Shupack,* 1 N Y 2d 482).

The court accordingly holds that the widow has no right of election to take against the provisions of the testator's will.