Collins, S.
The failure of the testator to take the benefit of the estate tax marital deduction is the basis for the widow’s attempt to take against the terms of the will (Decedent Estate Law, § 18). The estate is a very substantial one and the general *1073 and specific legacies are insignificant. The residuary estate is set up in four separate trusts: 40% for the life use of the widow; 40% for the benefit of the only child of the testator; 10% for the widow’s sister; 10% for the son-in-law of the testator. The widow has no power of disposition over her trust. At her death the remainder passes to issue of the testator’s daughter, or in default of issue, to named persons.
It is conceded that, leaving all estate taxes out of the computation, the -widow’s trust fund is larger than the share she would have taken if the testator had died intestate. The will is silent in respect of estate tax allocation. The "widow complains that after taxes have been apportioned against her trust (Decedent Estate Law, § 124), it will shrink substantially below the share she would receive in the case of intestacy because in the latter case her inheritance would qualify for the marital deduction and would pass to her without any tax deduction. The statute says that when there is an absolute legacy to the widow of $2,500 or more and ‘ ‘ a provision for a trust for * * * her benefit for life of a principal equal to or more than the excess between said legacy * * * and * * * her intestate share, no right of election whatever shall exist in the surviving spouse.” (Decedent Estate Law, § 18, subd. 1, par. [d].) She construes the words “ her intestate share ”, as meaning the amount she would receive in an intestate distribution after all taxes had been apportioned.
The court holds that the widow has no right to take against the will. The terms ‘ ‘ share in intestacy ’ ’ and ‘ ‘ intestate share ” have been clearly defined in Matter of Goldsmith (177 Misc. 298, 300) and Matter of Ittleson (197 Misc. 786, 788). There is no. need to discuss them at length here. Estate taxes are not to be taken into account until after the computation of the net estate and the widow’s share as in intestacy. Taxes are then apportioned in accordance with the rules established by the Legislature (Decedent Estate Law, § 124). The recent amendment of section 18 (L. 1955, ch. 487), though not applicable to the problem now before the court, is further evidence of the legislative plan to harmonize sections 18 and 124 so that each is operative in its own sphere and the tax allocation does not begin until the share of each beneficiary is computed.
The widow and the other two executors have filed affidavits setting forth the disadvantages or advantages of certain particular assets of the trust estate. The executors seem to interpret the widow’s statements as attacking the trust fund as unsubstantial, but the widow submits no such argument to the court. Indeed she explicitly states that certain considerations *1074 have restrained her from raising the issue but she nonetheless contradicts the executors’ statements and arguments. The parties should note that the will does not direct that any particular asset shall fall into the widow’s trust. It bequeaths 40% of the entire residue to the trustees; it does not command the trustees to hold any particular asset for any period at all, though it empowers them to retain investments of the testator or to sell them. If the widow deems the retention of any asset improper, she should make appropriate objection to the acts of her coexecutors. If she desires the court ‘ ‘ to direct and enforce for the protection of the surviving spouse an equitable distribution, allocation or valuation of the assets [or] to enforce the lawful liability of a fiduciary ” (Decedent Estate Law, § 18, subd. 1, par. [h]), she should make the appropriate demand. On the present state of the record there is nothing for the court to rule upon with respect to any such asset.
The personal claim of the coexecutor Mahoney is allowed in the sum of $2,500. The compensation of the attorneys for the executors is fixed in the amount requested. Their disbursements may be taxed in a proper bill.
In the absence of objection, the apportionment of estate taxes as computed in schedule J of the account will be approved.
Submit decree on notice settling account accordingly.