William T. Collins, S.
The court is called on in this proceeding to adjudicate the validity of the right of election interposed herein by decedent’s widow who is the life beneficiary of a trust of: “ one-third of my net estate after deduction of debts, funeral and administration expenses and any estate or other taxes which may be allocable thereto, it being my intention that the corpus of such trust shall be in amount equal to the intestate share as the same is defined in the Decedent Estate Law of the State of New York.” (Art. Fifth.) Upon her death the corpus passes to various named remaindermen.
The widow’s claim of an absolute right to elect against the will turns on the fact that the decedent was at the time of his death the owner of a 90% stock interest in Alken-Murray Corp. and that such interest amounts to approximately 60% of the gross estate. In his will he directed his executors: “ to offer for sale and to attempt to sell the said shares of capital stock * * * during the six months following the date of their appointment as such Executors * * In the event that within such six months * * * my Executors have not been able to sell such capital stock interest * * * I hereby * * * direct that my Executors shall * * * vote my shares of stock of Alken-Murray Corp., so as to cause the voluntary liquidation and dissolution of said corporation ” (art. Eleventh). The board of directors of this corporation in July, 1955 voted to liquidate the corporation.
In his will the decedent authorized his executors inter alia: ‘‘ to apportion stock, extraordinary and liquidating dividends received by them between income and principal in such manner as they may see fit.” (Art. Thirteenth, subd. i.) The widow contends that in light of the direction to dissolve the AlkenMurray Corp., this grant of power to the executors has perpetrated a fraud on her rights as in tihe absence of a testamentary provision to the contrary liquidating dividends of the corporation would be allocable to the income beneficiary to the extent that they represent earnings subsequent to the establishment of the trust (Restatement, Trusts, § 236; United States *567 Trust Co. v. Heye, 224 N. Y. 242; Matter of Schaefer, 178 App. Div. 117, affd. 222 N. Y. 533; Matter of Johnson, 117 N. Y. S. 2d 305; Matter of United States Trust Co., 190 App. Div. 494).
The Surrogate, however, has power to: “ direct and enforce for the protection of the surviving spouse an equitable distribution, allocation or valuation of the assets, and to enforce the lawful liability of a fiduciary, and * * * to make such other direction consistent with the provisions and purposes of this section as the court may deem necessary for the protection of the surviving spouse.” (Decedent Estate Law, § 18, subd. 1, par. [h].) This provision, which was enacted in 1936, states that the grant by a decedent to his representative of power to act without bond, to invest in nonlegals, to allocate and value assets, etc. is not to be deemed ‘‘ either singly or in the aggregate to give to a surviving spouse an absolute right of election ”. (Cf. Decedent Estate Law, § 125, concerning limitations on powers and immunities of estate representatives generally.) The provision was: “ designed to vest in the surrogate’s court having jurisdiction of the estate a supervisory power which will assure fair treatment to the surviving spouse but which will leave undisturbed provisions found commonly in wills for dispensing with a bond, for enlarging the field of securities and investments, and for the retention of investments already owned by the testator at his death. * * * It is felt that this supervision of the surrogate’s court will operate to prevent any real injustice to the surviving spouse and will assure testators a reasonable flexibility in their testamentary provisions. Any actual fraud attempted upon the surviving spouse by the tenor of the will confers an absolute right of election despite this amendment. The bill, in effect, will allow a testator to do what otherwise he might lawfully do at present with his property but protects the rights of the surviving spouse by granting to the surrogate a supervisory power to assure the spouse of fair participation in the distribution of the estate.” This is not a trust which “ will yield little or no income or otherwise ingeniously * * * deprive the widow of her intestate ” share within the meaning of Matter of Clark (275 N. Y. 1, 5). The power of this court is not limited to those powers specifically enumerated in paragraph (h) of subdivision 1 of section 18 of the Decedent Estate Law; it is one of general equitable supervision to assure both the testamentary scheme proposed by the decedent and fair participation of the spouse (Matter of Herts, 165 Misc. 738; Matter of Wardi, 129 N. Y. S. 2d 279, affd. 284 App. Div. 978; cf. Matter of Curley, 245 App. Div. 255, affd. 269 N. Y. 548).
*568 Cases cited by the widow in support of her contention are irrelevant. They involve trusts which were terminable prior to the death of the widow, which gave less than the full income from the corpus required by law to be set aside for her benefit, or which authorized invasion of principal for the benefit of persons other than the spouse. (Matter of Byrnes, 260 N. Y. 465; Matter of Wittner, 301 N. Y. 461; Matter of Matthews, 255 App. Div. 80, affd. 279 N. Y. 732; Matter of Schmidt, 171 Misc. 95, affd. 257 App. Div. 827, affd. 282 N. Y. 787.)
The decedent herein imposed on his representatives a standard of “ reasonable care, diligence and prudence ” (art. 13, cf. Restatement, Trusts, § 227). The contention that actual fraud has been attempted on the surviving spouse by the tenor of the will cannot be seriously entertained in light of the imposition of such a standard by the decedent. Furthermore, as the court said in Matter of Pepper (307 N. Y. 242, 249): “ The fact that a testator may have disposed of his property in a manner which seems not to be in accord with the ideas of some as to fairness and equity is not a basis for disregarding the testator’s express wishes by rewriting his will. The privilege of disposition does not belong to the courts but to the testator alone and as long as he possesses testamentary capacity and makes such provision for his spouse as the law requires, his wishes as to the disposition of his property must govern.” A similar contention by the widow concerning the grant of power to the trustees to allocate extraordinary dividends (cf. Matter of Osborne, 209 N. Y. 450; Bourne v. Bourne, 240 N. Y. 172) is similarly overruled.
The widow contends further that she is in any event entitled to a limited right of election. Her reasoning is: (a) she is entitled to her share in trust or otherwise “as in intestacy ” (Decedent Estate Law, § 18); (b) she would have received one third of the estate after deduction of debts, funeral and administration expenses had the decedent died intestate (Decedent Estate Law, § 83); (c) as her intestate share would qualify under the marital deduction provisions of the applicable United States and New York estate tax laws (U. S. Code, tit. 26, § 2056; New York Tax Law, § 249-s, subd. 4), it would pass into her hands free of estate tax (Decedent Estate Law, § 124); (d) the trust established by this will for the widow’s benefit does not qualify for the marital deduction and will accordingly bear an allocable portion of those taxes assessed against the estate so that the amount of corpus passing into the hands of the trustees is, to the extent of such taxes, less than the share which would have passed into the widow’s hands “in intes *569 tacy ”; (e) she is thus entitled to elect against the will to the extent of the difference between the net amount received by her trustees after taxes have been deducted and the amount which she actually would have received had she received her share in intestacy.
While this argument has a ring of logical ingenuity it is more ingenious than logical. Where taxes are to be apportioned, as here, the widow’s right of election extends to a third of the net estate after the deduction of debts, funeral and administration expenses and before any deduction of estate taxes. Only after the determination in this manner of the widow’s share does section 124 of the Decedent Estate Law come into play; only then are there deducted from her share any taxes chargeable against that share. The statutory policy announced in sections 18 and 124 of the Decedent Estate Law is thus reconciled (Matter of Wolf, 307 N. Y. 280; Matter of Ryan, 201 Misc. 632, mod. 280 App. Div. 410; Matter of Peters, 204 Misc. 333, affd. 275 App. Div. 950; Matter of Goldsmith, 177 Misc. 298; Matter of Ittleson, 197 Misc. 786; cf. Decedent Estate Law, § 18, subd. 1, par. [a], as amd. by L. 1955, ch. 487). Although as the Court of Appeals has said in Matter of Pepper (307 N. Y. 242, 249, supra): ‘‘ Testator is privileged to cause a shift of the tax burden of Ms estate from the sisters to the widow, thus imposing a burden upon the widow which the law would not have imposed, if he sees fit to do so ”, this testator has not done so but merely asks that the widow’s share bear her own fair share of the estate taxes.
Section 18 of the Decedent Estate Law does not require that a spouse be given a power of appointment over the remainder of a trust any more than it requires that the spouse be given power to invade principal, yet if the contention of the widow were upheld herein the court would in fact have rewritten section 18 of the Decedent Estate Law so to provide.
The court accordingly holds that the widow is entitled to receive outright $2,500 which is to be deducted from the principal of the trust fund created for her benefit and the terms of the will are otherwise to remain effective (Decedent Estate Law, § 18, subd. 1, par. [b]; Matter of Ruppert, 1 Misc 2d 1072; Matter of Furno, 199 Misc. 273; Matter of Phin, 99 N. Y. S. 2d 177; Matter of Lewis, 115 N. Y. S. 2d 791; Matter of Vitale, 118 N. Y. S. 2d 773; Matter of McCarrick, 138 N. Y. S. 2d 412; Matter of Phipps, 125 N. Y. S. 2d 606; Matter of Zimtbaum, 206 Misc. 432).
The parties had entered a stipulation concerning the decedent’s “ desire, intention and purpose ” in establishing the trust *570 considered herein from which the widow seeks now to withdraw. As it has been unnecessary for the court to advert to this subsection of the stipulation, the question of whether or not the stipulation is binding upon the widow is accordingly moot. Submit decree construing the will accordingly.