John J. Dillon, S.
The surviving husband of the testatrix has asked the court to determine his right of election to take his intestate share of the wife’s estate under section 18 of the Decedent Estate Law.
It is agreed that the net estate has a value of about $128,000. The will provides for legacies to various persons, other than the husband, amounting in the aggregate to $24,150. There is a cash legacy to the husband of $3,000. The entire residue is left in trust with the net income payable to the husband for life. Article Third of the will goes on to provide that “ upon his death, or upon my death if he shall not survive me, I direct that the remaining trustee shall hold all of the property in the trust fund in perpetuity * * * for the charitable uses and purposes hereinafter express [ed] ”, etc. The husband and the decedent’s attorney, William S. Herrmann, Jr., are named as executors and trustees. William S. Herrmann, Jr., alone is named in article Ninth of the will as “ Trustee of the Perpetual Charitable Trust ’ ’ created in article Third.
It is apparent from the foregoing that the husband has received more than his intestate share (cf. Decedent Estate Law, § 18, subd. 1, par. [d]) unless the residuary trust is, as the petitioner claims, an illusory one under which, by reason of other provisions of the will, his statutory rights may be impaired or defeated. It is claimed that this result may follow from the grants of power given to the trustee or trustees in articles Sixth and Tenth of the will.
Article Sixth reads as follows: “ If at any time after my death, for any reason, my said Trustee in his sole discretion shall determine that it is no longer necessary or advisable, or that the continuance of the Perpetual Trust hereunder will no longer effectually carry out my purposes in directing payments as hereinabove expressed, then I expressly authorize my Trustee or his successor to pay over, transfer or distribute the principal of the Perpetual Trust to such charitable, educational, scientific, *632 medical or literary organizations or institutions as he in his sole discretion shall deem best and proper and upon such conditions and in such proportions as he in his discretion shall set whereupon the Perpetual Trust herein created shall terminate.”
By emphasizing the phrase “ at any time after my death ” the petitioner has devised the argument that under the foregoing article the trust might be diverted to the use of others during his lifetime. The argument is without merit. The power granted to the trustee may be exercised only during ‘ ‘ the continuance of the Perpetual Trust”. It is plain that the 11 perpetual trust” means “the Trust Fund in perpetuity” described in article Third as coming into existence upon the husband’s death. If there could be any doubt on the subject, the doubt is removed by the language of article Ninth, in which Mr. Herrmann is named as sole trustee “ of the Perpetual Charitable Trust above created in Paragraph ‘ Third ’, which charitable trust comes into effect upon the death of my husband Alfred Green.” The power to terminate the trust given by article Sixth is conferred upon the trustee (not upon the trustees), which makes it still more plain that the power does not exist until, by reason of the death of the husband, Mr. Herrmann becomes the sole trustee as provided in article Ninth. In the court’s view, the meaning of the will in this respect is so plain as to leave no room for serious debate.
The other point is based on certain provisions of article Tenth. This article consists of 24 paragraphs conferring powers upon the fiduciaries. Two of these are pointed out as potentially destructive of the husband’s rights. One is the power given by subparagraph S to set up reserves out of income for various expenses, including depreciation and obsolescence, in connection with the real estate which comprises a portion of the assets. The other is the power given by subparagraph U, to allocate receipts and expenses between principal and income. The petitioner, who claims that his rights are imperilled by these grants of power, is himself one of the trustees and is therefore fully able to defend himself as income beneficiary against any possible abuse of discretion. But it is said that he may at some time find it expedient to resign his office and thereby leave himself at the mercy of his cotrustee. It is difficult to foresee Avhat Avould lead him to do so if he is really as apprehensive of the consequences as he claims to be. But even in that event, his rights cannot be successfully impaired. Powers such as these do not on their face make the trust illusory. (Matter of Shupack, 1 N Y 2d 482.) The trustee, in exercising his discretion, must act genuinely and not arbitrarily. (Matter of *633 Clark, 275 N. Y. 1.) If he fails to do so the income beneficiary has a summary remedy by application to the court under paragraph (h) of subdivision 1 of section 18 of the Decedent Estate Law. The authority of the court to control the trustee is not limited to the factors specifically mentioned in that section of the statute, but is one of general equitable supervision for the protection of the surviving spouse. (Matter of Edwards, 2 Misc 2d 564, affd. 2 A D 2d 838.)
There is no evidence in this will of any attempt on the part of the testatrix to deprive her husband of his lawful share of the estate. She has not given him the bare minimum commanded by the law and then attempted to whittle that minimum down by indirection, as in some reported cases. She has in fact exceeded the law in generosity by leaving her husband the equivalent of about 80% of her net estate. He has no cause to complain, and no right of election. It is so determined.