Maximilian Moss, S.
This motion seeks a reargument of a determination made in a proceeding to determine the validity of a widow’s right of election. By the terms of the will, testator gave his widow the use of his property at 248 East 46th Street, Brooklyn, N. Y., during her life, requiring her to pay all expenses and maintenance of said property from its income. She was further required to retain the testator’s daughter as a tenant therein ‘ ‘ at the same rental she is paying at time of my death.” The widow was bequeathed one third of the residuary estate. The estate tax return indicated a net estate of $22,482.77, which included a value of $20,000 given to the real estate at 248 East 46th Street, leaving a net residuary estate of $2,482.77.
To qualify for a statutory trust, a surviving spouse must have the right to the use of all the income from the particular share of the trust (Matter of Hanbenstoch, 28 Misc 2d 714 and cases cited therein). The right to elect is not barred where the trust in form complies with the statute but in fact is not the substantial eauivalent of the intestate share.
Among other things, the provision in respect of the maintenance of a constant rental for the daughter’s apartment with the further requirement that the widow pay “ all the expenses and maintenance for said property from said income ”, subjects
*529 the income of the trust to reduction beyond the irreducible minimum. Since the widow may receive nothing or nearly so by way of income, she has the right to elect (Matter of Curley, 245 App. Div. 255, affd. 269 N. Y. 548; Matter of Schrauth, 249 App. Div. 846; Matter of Matthews, 255 App. Div. 80, affd. 279 N. Y. 732). The right of the surviving spouse to receive the income must be unconditional (Matter of Peters, 204 Misc. 333, affd. 275 App. Div. 950). This provision is not an unconditional gift of income and renders the disposition to the spouse an illusory one (Matter of Wittner, 301 N. Y. 461; Matter of Murray, 27 Misc 2d 115; Matter of Haubenstock, supra).
This motion to reargue is granted and upon such reargument the court adheres to its original decision.