John D. Bennett, S.
This proceeding is brought to determine the validity and effect of the widow’s election to take against the provisions of the will (Surrogate’s Ct. Act, § 145-a; Decedent Estate Law, § 18).
The will leaves to the widow all personal and household effects and places one half of the residuary in trust for her benefit and the remaining one half in a separate trust for the testator’s infant daughter. Upon the widow’s death her trust fund follows the devolution provided for by the trust for the daughter.
Under section 18 of the Decedent Estate Law, a surviving spouse may elect against a will which fails to provide the statutory minimum required by such section. In general terms the minimum provision required by law is a bequest of the “ intestate share ” of the spouse as defined by the section either outright or in trust, the income thereof to be paid to her for life.
It is apparent from the provisions of this will so far recited that the requirements of section 18 have presumably been met since the widow receives more than her intestate share or one third of the net estate in trust. The executor asserts that the limited right to receive $2,500 outright has been satisfied by the bequest of personal property to the widow claimed to be in excess of such sum.
Aside from the widow’s objection that the charging of all estate taxes to the residuary estate may reduce the corpus of her trust below that of her intestate share, her primary attack upon the will is concentrated on a short paragraph of the will which she claims allocates all extraordinary dividends of both cash and stock to principal and is therefore potentially destructive of her right to receive all the income from the trust. The paragraph reads as follows: “ All extraordinary stock or cash dividends shall be considered principal and not income, but ordinary stock dividends paid regularly by a corporation in lieu of, or in addition to regular cash dividends, shall be considered income and not principal, provided, however, that *941 the determination by my Executors or my Trustees as to whether any dividend, payable in stock or in cash, is ordinary or extraordinary, and as to whether any payment, distribution or dividend should be apportioned in whole or in part to principal or income, shall be conclusive.”
Although a testator can prevent the exercise of a right of election by placing the ‘ ‘ intestate share ’ ’ in trust for life, the cases have circumscribed this right with rules which must be observed if the trust is to be successful against attack. For example, any right accorded another to share in the income or principal of the trust for the surviving spouse permits the latter to take his or her intestate share (Matter of Wittner, 301 N. Y. 461; Matter of Schmidt, 171 Misc. 95, affd. 257 App. Div. 827, affd. 282 N. Y. 787; Matter of Matthews, 255 App. Div. 80, affd. 279 N. Y. 732; Matter of Sheppard, 189 Misc. 367). A similar result followed where the income of the trust for the widow was charged with the payment of taxes and other expenses, including assessments (Matter of Bommer, 159 Misc. 511).
Here the will directs that extraordinary dividends, both of cash and stock dividends, shall be considered principal and not income. In the absence of any direction as to their allocation, extraordinary cash dividends, under Matter of Osborne (209 N. Y. 450), are considered income at least to the extent that they represent earnings accumulated during the time the stock is held by the trust. Hnder section 17-a of the Personal Property Law, as amended by chapter 1005 of the Laws of 1963, effective June 1, 1964, all dividends payable in cash will belong to the income beneficiary in the absence of direction in the will to the contrary. To the above extent, therefore, the direction may deprive the widow of income which she would normally be entitled to in the absence of the direction.
Matter of Herts (165 Misc. 738) is distinguishable in that it involved merely a provision that all stock dividends were payable to principal. There Surrogate Dbeehanty properly reasoned that such a direction was no more than a rephrasing of the actual provisions of the present section 17-a of the Personal Property Law which, in the absence of a provision to the contrary in the will, directs that all stock dividends be allocated to principal. Incorporating in the direction in the Herts will a provision allocating all extraordinary cash dividends to principal would undoubtedly have required a different result.
Cases holding that a surviving spouse has no right to elect against a will merely because of a power to allocate stock divi *942 ¿lends between principal and income have no application here (see, e.g., Matter of Edwards, 2 Misc 2d 564, affd. 2 A D 2d 838, affd. 3 N Y 2d 739; Matter of Greene, 34 Misc 2d 630, affd. 14 A D 2d 544). The language here used is more than a grant of power; it is a direction as to allocation. The language following the direction implements the direction and makes any allocation under the direction conclusive. The executors and trustees must allot all extraordinary cash dividends to principal. The only discretion given them is to determine what are extraordinary cash dividends and not the allocation of the same. To construe the language merely as a power to allocate would require the court to disregard the direction as meaningless.
The authority granted to the court under paragraph (h) of subdivision 1 of section 18 of the Decedent Estate Law to protect the surviving spouse against the inordinate exercise of any power by a fiduciary in the distribution, allocation or valuation of assets ‘ ‘ notwithstanding the terms of the will” does not permit the court to rewrite the will so as to ignore a direction made by the testator (Matter of Matthews, 255 App. Div. 80, affd. 279 N. Y. 732, supra; Matter of Halperin, 201 Misc. 763; Matter of Sheppard, 189 Misc. 367, supra). As the Court of Appeals said in Matter of Wittner (301 N. Y. 461, 465, supra) : “ Courts have no right to vary or modify the terms of a will to bring a gift to the spouse within the provisions of section 18.”
It is not the duty of this court in its opinion to speculate as to the extent to which income will be affected by the direction to allocate extraordinary cash dividends to principal. As the court in Matter of Bommer (159 Misc. 511, 521, supra) said: ‘ ‘ How great an invasion of her rights this would effect is unpredictable and immaterial. All that is important is that the variety of trust here attempted to be erected, by reason of the fact that a portion of its income is not directed to be paid to the widow, does not comply with the statutory description of the sort of trust which the Legislature has provided shall alone defeat the primary right of the surviving spouse to elect to take her intestate share ’ ’.
In Matter of Wittner (supra, p. 465) the Court of Appeals set forth certain important guidelines to be followed in this area: 1 ‘ section 18 must be liberally construed in favor of the surviving spouse in order to fulfill 1 the evident purpose of the Legislature that a surviving spouse should retain the right to claim his or her full intestate share, in spite of any will, unless the instrument should provide substantial equivalents ’ ”.
This court is of the opinion that the trust does not provide a ‘ ‘ substantial equivalent ’ ’ and holds that the election of the *943 widow to take her intestate share of the estate under section 18 of the Decedent Estate Law is valid and effective. The remainder of the trust for the benefit of the widow is directed to be disposed of in accordance with paragraph (b) of article Third of the will, which provision in effect adds such share to the trust for the benefit of the testator’s child (Matter of Devine, 147 Misc. 273).