Harry G. Herman, S.
In this proceeding brought by the widow, pursuant to section 145-a of the Surrogate’s Court Act to determine the validity and effect of her notice to take against the will by intestacy (Decedent Estate Law, § 18), the question presented is whether the provisions of subdivision (A) (13) of article “seventh” of the will deprive the widow of the full income of the trust for her benefit, and, if so, whether she has a limited or general right of election.
The decedent died on October 25, 1963, leaving a will, dated December 21,1962, which was admitted to probate by this court on November 8, 1963. There is no issue of the marriage. The notice of election was recorded on March 7, 1964, but rejected by the executor on March 24, 1964.
Subdivision (A) (13) of article “ seventh ” of the will provides: “ (13) Any dividends payable in the stock of the corporation or association declaring or authorizing the same or in stock of other them the issuing corporation in respect of any stock at any time forming part of my estate or of any trust shall be capital and not income. All cash dividends of any kind and nature whatsoever excepting liquidating dividends received by my Executor or my Trustee on any shares of stock forming part of my estate or any trust shall be treated as income. The decision of my Executor or my Trustee upon all other questions as between principal and income shall be final and binding on all interested in my estate.” (Emphasis added.)
The widow does not question the sufficiency of the principal value of the trust created for her benefit. Her contention is that, because of the first sentence of this subdivision of the will, this trust by its terms does not give her the total income of the trust for life; that under section 18 (subd. 1, par. [d]) of *388 the Decedent Estate Law a trust which would defeat the surviving spouse’s intestate rights must be “ for his or her benefit for life”; that this means the widow is entitled to the full income of the trust and not something less than all such income; and that where the will on its face gives less than all the income, she may exercise her right of election. ,
It is clear that this sentence creates the possibility, remote though it be, that the widow might be deprived of some share of trust income. As an example, if the trust included as a capital ¡ asset shares of “A” Corporation, and “A” Corporation declared a dividend payable in the shares of “ B ” Corporation, this dividend would, by the direction of the testator, be treated as principal and not income. Yet a dividend payable by a cor- ' poration in the stock of another corporation is not a stock dividend of the declarant corporation but is the same as a divi- 1 dend of cash (City Bank Farmers Trust Co. v. Ernst, 263 N. Y. 342, 346 [1934]; Matter of Rogers, 22 App. Div. 428, 432, affd. 161 N. Y. 108 [1899]; Matter of Matthews, 280 App. Div. 23, ] 29, affd. 305 N. Y. 605 [1953]).
The gist of the entire argument of the respondent executor, in opposition to the widow, is that the possibility that the trust will receive a dividend from a corporation, whose shares it holds, in the shares of another corporation is so remote that the first sentence of subdivision (A) (13) of article “ seventh ” of the will should be ignored in determining whether the widow may receive her intestate share. This argument has been answered by the Court of Appeals in Matter of Wittner (301 N. Y. 461, 465 [1950] :
‘' section 18 must be liberally construed in favor of the surviving spouse in order to fulfill ‘ the evident purpose of the Legislature'that a surviving spouse should retain the right to claim his or her full intestate share, in spite of any will, unless the instrument should provide substantial equivalents ’ (Matter of Byrnes, 260 N. Y. 465, 470, 474, reargument denied 261 N. Y. 623).
“ Courts have no right to vary or modify the terms of a will to bring a gift to the spouse within the provisions of section 18. As we said in Matter of Durand (250 N. Y. 45, 54), ‘ In declaring a testator’s intention * * * courts are limited to the words which the testator, himself, has used in Ms will.’ ”
Moreover, the words of Surrogate Wingate in Matter of Bommer (159 Misc. 511, 521) are also apropos; “ How great an invasion of her rights this would effect is unpredictable and immaterial. All that is important is that the variety of trust here attempted to be erected, by reason of the fact that a *389 portion of its income is not directed to be paid to the widow, does not comply with the statutory description of the sort of trust which the Legislature has provided shall alone defeat the primary right of the surviving spouse to elect to take her intestate share, and which statute as an integral part of the remedial enactments under consideration must receive a liberal interpretation in her interest.”
The respondent executor argues, in the alternative, that if dividends payable in shares of stock other than the stock of the declarant corporation are equivalent to cash dividends, since the second sentence of subdivision (A) (13) of article ‘1 seventh ” of the will requires that cash dividends be treated as income, the widow is not deprived of her statutory right to receive the full income from the trust, and, therefore, has no right to take her intestate share. This overlooks the fact that the testator has expressly required in the first sentence of subdivision (A) (13) of article “ seventh ” that dividends payable in shares of stock other than that of the declarant corporation shall be treated as principal. Were the court to hold otherwise, the latter provision would be rendered meaningless. The first sentence cannot be erased from the will by judicial construction.
The further argument of the corporate executor which would limit the usual allocation to income of a dividend of a corporation, payable in the stock of a different corporation, so that under certain circumstances this allocation would be to principal, is merely a restatement of the contention that the likelihood is remote that the widow will, in fact, be deprived of full income from the trust by the first sentence of subdivision (A) (13) of article “ seventh ” of the will. The possibility would still exist that what would otherwise be income must, under the mandate of the will, be treated as principal. Therefore, this provision of the will would deprive the surviving spouse of her statutory right to full income from the trust.
The testator’s will devised and bequeathed all his personal effects, tangible property and his residential real property to his widow; his books and photographic equipment were left to his brother George. The residue and remainder were divided into two parts — the marital trust (A) for the widow, and the other part (B) in trust for his brothers. All estate and similar taxes, including possible tax penalties and interest, and any taxes on nontestamentary assets, were to be paid, only out of the trust (B) for the decedent’s brothers. The widow also has a power of appointment as to her trust. She has also received substantial sums from the decedent’s employers. There *390 is no controversy as to the amount she would receive under the will. The above sentence as to the allocation of stock dividends and 11 spin off ’ ’ stock dividends to principal rather than income, unfortunately, makes the will vulnerable and results in a complete defeat of the testator’s desires and intentions. For reasons best known to the testator he desired to confine her future maintenance to income rather than to have her receive outright more than $400,000 (which is about her intestate share). The possibility of stock dividends and “ spin off ” stock may never materialize. But this court is confronted with the statute and the strict interpretation by the courts. It is unfortunate that the Surrogate is not empowered to act otherwise so as to further the well-planned intentions of the testator.
The court accordingly is constrained, under the authorities, and therefore determines that the first sentence of subdivision (A) (13) of article “ seventh ” of the will is a direction irreconcilable with the statutory rights of the widow, and that the election of the widow to take her intestate share outright and free of any trust, pursuant to section 18 of the Decedent Estate Law, is valid and effective (cf. Matter of Schmidt, 171 Misc. 95, affd. 257 App. Div. 827, affd. 282 N. Y. 787 [1940], cited with approval in Matter of Aaronson, 20 A D 2d 133, 138; Matter of Hyman, 41 Misc 2d 939; Matter of Abramson, N. Y. L. J., June 1, 1964, p. 19, col. 4).