John D. Bennett, S.
This is an application by the executrices of the decedent’s estate to determine the validity and effect of an election made by the decedent’s widow.
Under paragraph “First” of his will the testator directed that all “funeral expenses and just debts, administration expenses and any estate taxes be paid by my Executrices and Trustees, hereinafter named, as soon after my death as is practicable. ’ ’
Under paragraph “ Second” the decedent provided that one half of his net estate be held by his designated trustees in trust and to pay the income therefrom to his widow. Upon the death of the widow the remainder is to be distributed to the trustees individually.
Paragraph “ Third ” sets forth specific bequests, and paragraph 1 ‘ Fourth ’ ’ leaves all the remainder of his estate to the nominated trustees individually.
Paragraph ‘ ‘ Fifth ’ ’ enumerates five powers given to the trustees, only one of which, the power designated under paragraph “ e ”, is at issue. It provides that “ (i)n their sole discretion, to pay over as income any dividends, whether in stock or in securities, or in cash received from securities at any time constituting a part of the trusts herein created, whether such dividends be ordinary or extraordinary, and irrespective of the *1062 time when they shall have been earned by the distributing company, or they may, in their sole discretion, treat the whole or any part thereof as principal of the trusts herein created. ’ ’
The power given to the trustees under paragraph ‘1 Fifth (e) ” is not a direction or a mandate, but a discretionary power.
The law is clear that a surviving spouse has an absolute right of election where the trust for the surviving spouse directs the fiduciary to pay or apply to the use of the surviving spouse less than all of the net income from such trust (Matter of Haubenstock, 28 Misc 2d 714; Matter of Sernau, 36 Misc 2d 348; Matter of Gika, 29 Misc 2d 528; Matter of Schmidt, 171 Misc. 95, affd. 257 App. Div. 827, affd. 282 N. Y. 787; Matter of Hyman, 41 Misc 2d 939, affd. 24 A D 2d 703; Matter of Kunc, 43 Misc 2d 387, affd. 22 A D 2d 852).
The widow contends that she is entitled to an absolute right of election because the decedent provided that the trustees could pay her less than all of the net income from the trust. She further contends that, since the decedent grouped estate taxes under paragraph ‘ ‘ First ’ ’ of his will with administration expenses, he directed that estate taxes be paid out of the general estate. She claims that the dispositive provisions following thereafter apply to the net estate remaining after such payments and deductions, and she therefore takes less than what she would be entitled to as a surviving spouse pursuant to subdivision (a) of section 5-1.1 of EPTL (formerly Decedent Estate Law, § 18).
The decedent executed his will on January 26, 1962 and, therefore, subdivision (a) of section 5-1.1 of EPTL (formerly Decedent Estate Law, § 18) is controlling. Under section 5-1.1 (subd. [a], par. [1], subpar. [H]) the granting of certain powers to a fiduciary will not give the surviving spouse an absolute right to take her elective share, but the Surrogate’s Court having jurisdiction of the .estate, notwithstanding the terms of the will, may, in its discretion, in an appropriate proceeding by the surviving spouse, direct and enforce, for the protection of the surviving spouse, an equitable distribution, allocation or valuation of the assets, enforce the liability of a fiduciary under the law, and make such other directions consistent with the provisions and purposes of the statute as it may consider necessary for the protection of the surviving spouse.
The power of the Surrogate’s Court is not limited to those powers specifically enumerated in the afore-mentioned- paragraph. The power of the Surrogate is one of general equitable supervision to assure both the testamentary scheme proposed by the decedent and the fair participation of the spouse (Matter *1063 of Edwards, 2 Misc 2d 564, affd. 2 A D 2d 838, affd. 3 N Y 2d 739; Matter of Greene, 34 Misc 2d 630, affd. 14 A D 2d 544).
As this court held in Matter of Hyman (supra), the authority-granted to the Surrogate’s Court in exercising the afore-mentioned supervision of the acts of a fiduciary does not permit the court to rewrite the decedent’s will so as to ignore a direction made by the testator, nor may the court modify the terms of the decedent’s will to bring a gift to the spouse within the provisions of subdivision (a) of section 5-1.1 of EPTL (formerly Decedent Estate Law, § 18). However, this court’s finding in that case did not deal with discretionary powers given to a fiduciary, but with a mandate that certain dividends which ordinarily would be income were to be payable to principal.
It would appear under our present law that if the decedent directs or mandates the fiduciary to pay less than substantially all of the net income from the trust to the widow she would have an absolute right of election, and the court could not rewrite the decedent’s will so as to have it comply with the statutory minimum which a decedent may leave a surviving spouse (see McKinney’s Cons. Laws of N. Y., Book 17B, EPTL, Practice Commentary on EPTL 5-1.1 by Professor Samuel Hoffman; Third Report of Temporary State Comm. of Law of Estates; N. Y. Legis. Doc., 1964, No. 19, Appendix A, Report No. 1.10B, p. 191; Sixth and Final Report of the Commission on Estates, N. Y. Legis. Doc., 1967, No. 19, Report No. 1.10.1A, p. 38). However, the afore-mentioned commentaries, reports and cases- (Matter of Baileson, 16 N Y 2d 757; Matter of Uhlf elder, 29 Mise 2d 40, affd. 16 A D 2d 624, affd. 12 N Y 2d 965; Matter of Edwards, supra) clearly indicate a trend not to permit a surviving spouse an absolute right of election where fiduciaries are given discretionary powers over income (Brooklyn L. Rev., 1967 Symposium Issue, p. 545).
Reading the decedent’s will as a whole, it would appear that paragraph “ Second ”, except for the widow’s contention that paragraph ‘ ‘ First ’ ’ prevents her from obtaining a full statutory share of the decedent’s estate, which objection will be discussed hereinafter, complies with the statute. As far as the power under paragraph “Fifth (e) ” is concerned, the decedent starts out by authorizing the fiduciaries to pay any and all dividends, no matter in what form received and whether they be ordinary or extraordinary, to income. If the fiduciaries were to exercise that power, the decedent’s widow would receive more than she would be entitled to under the statute. The power goes on to state, however, that all of the afore-mentioned dividends may, in the fiduciaries’ sole discretion, be treated as principal.
*1064 The fiduciaries here are the remaindermen, and as such their duty to act fairly as trustees is paramount to any interest that they may have individually as remaindermen. If the fiduciaries are faithless in the performance of their duties so as to prejudice or discriminate against the surviving widow’s interests, the Surrogate’s Court has the power to intervene and see to it that they do not exercise their discretion so as to prevent the surviving widow from receiving all of the income that she is entitled to pursuant to subdivision (a) of section 5-1.1 of EPTL (Matter of Shupack, 1 NY 2d 482; Matter of Hubbell., 302 N. Y. 246; Matter of Greene, supra; Matter of Edwards, supra; Matter of Trubenbach, 35 Misc 2d 318; Brooklyn L. Rev., supra). A discretionary power to apportion stock and extraordinary and liquidated dividends between income and principal was found to be a power subject to the Surrogate’s supervision pursuant to the former section 18 (subd. 1, par. [h]) Decedent Estate Law (now EPTL, § 5-1.1, subd. [a], par. [1], subpar. [H]), (Matter'of Edwards, supra).
Accordingly, the court finds that the discretionary powers of the fiduciaries under paragraph ‘‘ Fifth (e) ” of the decedent’s will are subject to the supervision of this court pursuant to section 5-1.1 (subd. [a], par. [1], subpar. [H]) of EPTL.
As for the widow’s contention that the grouping of estate taxes with administration expenses under paragraph “ First ” of the decedent’s will prevents her from obtaining the rights afforded to her under section 5-1.1 (subd. [a], par. [1], subpar. [A]) of EPTL is concerned, the court agrees that the aforesaid provisions indicate an intent that estate taxes are not to be apportioned pursuant to section 2-1.8 of EPTL (formerly Decedent Estate Law, § 124), but that they are to be paid out of the residuary estate (Matter of Moritz, 48 Misc 2d 323 and cases cited therein). However, the preresiduary bequest to the widow is a trust of one half of his net estate, which the court construes, without any other intent shown in the will, to comply with section 5-1.1 (subd. [a], par. [1], subpar. [A]) of EPTL. It was obviously the intent of the testator that the estate taxes not be apportioned pursuant to section 2-1.8 of EPTL (formerly Decedent Estate Law, § 124), but there is no indication that the fractional bequest under paragraph ‘1 Second ’ ’ of the will was to be computed after deducting the entire estate tax.
Accordingly, the court finds that the trustees are to compute the net estate for the purpose of computing the widow’s trust under paragraph 1 ‘ Second ’ ’ by deducting only debts, administration and reasonable funeral expenses from the gross estate *1065 (Matter of Skidell, 18 N Y 2d 308). In view of the fact that the decedent intended that estate taxes not be apportioned, the surviving spouse is relieved from contributing her proportionate share to the estate tax. Thus, the surviving spouse is not entitled to an absolute right of election, but she is entitled, as all concede, to a limited right of election to receive $2,500 outright which is to be deducted from the principal of the trust fund created for her benefit, and the terms are otherwise to remain effective (Matter of Edwards, supra, p. 569, and cases cited therein).