J. Maynard Jones, S.
In this proceeding for the judicial settlement of the executor’s account,,objections have been filed which raise the question of the manner of computing the principal of a trust provided for the widow. The testator’s gift to the trustee by article III of his will was ” such part of my estate as shall be equal to the intestate share distributable to my said wife as determined by the laws of the State of New York in force and effect at the time of my death ”.
By a subsequent provision (art. IX), testator directed, “ all estate, transfer, inheritance, succession, revenue and similar taxes * * * shall be charged upon and paid out of my residuary estate * * * and shall not be apportioned to or collected from any legatee * * * it being my intention that all such taxes shall be paid by my Executor and treated as part of the administration expenses of my estate.”
The gift to the trustee was not a share of a residue of the estate. It was the intestate share governed by section 83 of the Decedent Estate Law, which by its pertinent part provided, <f The real property of a deceased person, male or female, not devised, shall descend, and the surplus of bis or her personal property, after payment of debts and legacies, and if not bequeathed, shall be distributed in manner following: 1. Money or intangible personal property not exceeding in value two thousand dollars and one-third of the residue to the surviving spouse ”.
The objectant has referred the court to many cases. (Matter of Wolf, 307 N. Y. 280; Matter of Hyan, 280 App. Div. 410; Matter of Edwards, 2 Misc 2d 564) which are involved in computing ” intestate share ” as used, defined and limited in section 18 of the Decedent Estate Law. That section is not involved in the present controversy. No mention is made of that section by the testator and no election has been made by the widow. The widow’s trust was a preresiduary legacy, not a part of the residuary estate pursuant to article TV" of his will.
Surrogate Deeehakty in Matter of Goldsmith (177 Misc. 298) has carefully considered and defined ” share in intestacy ” and (< intestate share ”. He pointed out (p. 301): ” Paragraph (a) of subdivision 1 of section 18 of Decedent Estate Law does not prescribe a formula for computation of the share in intestacy of a spouse. It does fix a limitation upon the amount payable *628 under an election out of the share of a spouse computed as in intestacy. The amount so fixed as the upper limit of payment is described in the statute by the term of art — ‘intestate share ’.”
In Matter of Ruppert (1 Misc 2d 1072, 1073, affd. 2 A D.2d 958, affd. 3 N Y 2d 731), the learned Surrogate stated: “ Éstate taxes are not to he taken into account until after the computation of the net estate and the widow’s share as in intestacy. Taxes are then apportioned in accordance with the rules established by the Legislature (Decedent Estate Law, § 124).” Section 124 has no application here, since the testator in the broadest of terms, gave a testamentary direction that all taxes should be paid from the residuary estate.
The court holds that the testator has indicated very clearly he intended the gift in trust, as well as other general legacies, be freed from the burden of estate taxes and that the residuary estate be charged with the same. The trust corpus is to be determined pursuant to section 83 of the Decedent Estate Law, as it existed at the date of testator’s death, May 30, 1964.