John D. Bennett, J.
This is a proceeding by the widow of the decedent for a determination of her rights afforded under EPTL 5-1.1 to elect to take her elective share against the provisions of the decedent’s last will and testament.
Under paragraph ‘1 Fifth ’ ’ of the will the decedent provided as follows: “ If my wife, Ruth M. Lowen, shall survive me, then I hereby give, devise and bequeath unto my trustee hereinafter *191 named, my dwelling house known as 119 Second Street, Garden City Park, Nassau County, New York, together with the sum of Ten Thousand ($10,000.00) Dollars in trust nevertheless for the following uses and purposes:
“ (a) To hold the same for the use and benefit of my said wife during her natural life, and to invest and reinvest the said sum of money and to collect and receive the income arising therefrom, and after deducting all necessary expenses properly chargeable thereto, to pay or apply the same for her use and benefit as long as she shall live, and upon her death to pay over the entire remaining net proceeds and principal and income of said trust fund, and to sell and convey said dwelling house and pay over the net proceeds thereof, to my said three children, Martin, Margaret and Ursula, in equal shares, or to their issue per stirpes, and should any child die leaving no issue, to the survivors or survivor of them or to their, his or her issue, per stirpes.
“ (b) In the event the income from said trust is insufficient for the purposes hereinafter described, the said trustee, his successor or successors are hereby authorized, directed and empowered to invade the principal of said trust fund for the use and benefit of my said wife, if she so requests, or is in need thereof for medical, hospital or other necessary or emergency use, or for the purpose of improving, repairing or altering said dwelling house, or to make a two family house thereof.
“ (c) All rents and income from said dwelling and garage are to be used for the upkeep, taxes and expenses of heating, lighting, repairing and operating said dwelling as it now exists, or after alteration to a two family dwelling as above contemplated. Any excess income not so used is to be paid by my trustee to my said wife in regular quarter-annual payments.”
The petitioner contends that paragraph “ Fifth (a) ” which provides in part that upon the death of the decedent the trustees are to ‘ ‘ pay over the entire remaining net proceeds and principal and income of said trust fund ” to designated remaindermen, does not comply with the statutory requirement that the decedent’s widow is to receive all of the income of the trust corpus.
As stated in Matter of Brettschneider (30 A D 2d 59, 60): “ The use of the words ‘ any unpaid income, ’ in and of themselves, does not deprive the widow of the income of the trust for her lifetime so as to afford her a right of election. There was no stipulation against apportionment of income, no direction for its accumulation and no discretion vested in the trustees as to its use.”
Under paragraph “ Fifth (b) ”, the decedent provided for the invasion of principal under certain conditions. Petitioner con *192 tends that the principal can be invaded only if the income was insufficient for purposes set forth under the terms of the will. It is her contention that the purposes set forth under the will for the use of income were primarily for the rights of the remaindermen and was not a proper direction as far as her rights are concerned. Reading the will as a whole, the court does not find that the decedent intended that the income be used for purposes other than that for which income should ordinarily be used. The testator obviously intended a proper allocation of such outlays to either principal or income depending on the nature of the expenditure (Matter of Connor, 5 Misc 2d 696). All of the income is to be used for the decedent’s widow during her lifetime. This is particularly demonstrated in paragraph “ Fifth (a) ” of the decedent’s will where he provided that income was to be paid or applied to the use of the widow after deducting all 1 ‘ necessary expenses properly chargeable thereto ”.
The invasion of principal for the benefit of the decedent’s widow does not afford her a right of election (Matter of Niedelman, 6 A D 2d 291, affd. 5 N Y 2d 1043). The power given to the trustee to invade the principal of the trust in order to convert the premises into a two-family home was obviously intended for the benefit of the widow and not the remaindermen as it would afford her a place to live and income as well. Had the decedent provided that the decedent’s widow was not to receive all of the income or directed the fiduciary to pay less than all of the net income from the trust, the widow would be entitled to a right of election and the courts could not prevent her from taking her right of election by guaranteeing that it would supervise the trustees so that she would receive all of the net income from the corpus of the trust. However, where there are no such provisions and there is no whittling down of the income to be used for the decedent’s widow, the courts can supervise the administration of the trust, if necessary, so as to guarantee the widow her just share (Matter of Bauer, 54 Misc 2d 1060).
Like the Bauer will, the provisions of EPTL 5-1.1 (subd. [a]), rather than 5-1.1 (subd. [c]), apply since the will was executed prior to September 1,1966. Under our present law (EPTL 5-1.1, subd. [c], par. [1], cl. [J], subd. [iii]) which affects later wills, the Surrogate’s Court may supervise the trustees if the trustees are given discretionary powers provided that the terms of the will guarantee the widow substantially all of the net income from any trust. Cases coming under the statute in effect for the within will indicate that the court has the power to supervise a trust where trustees arc given discretionary powers over *193 income so as to guarantee a widow all of the net income of the trust (33 Brooklyn L. Rev., 545-546).
Accordingly, the court finds that there are ample provisions for the decedent’s widow to satisfy EPTL 5-1.1, except that she would have an outright right of election in the difference between the value of the corpus of the trust, consisting of the dwelling and the $10,000 provided for under the will, and one third of the testamentary estate. The determination of said amount is to be made at the time of the accounting proceeding.