William J. Regan, S.
The will of the above decedent, dated August 14,. 1964 was probated in this court on January 3, 1969 after decedent’s death on November 25, 1968. A right of election was duly filed in this court on May 29, 1969.
In this judicial settlement proceeding the petitioners seek an order of this court rejecting said right of election. In effect, the court’s determination is sought as to the effect of paragraph Second of the will which leaves $2,500 outright to the widow and the residuary estate to be placed in trust, “ (b) to pay or apply, for the benefit of my wife, Delia H. Best so much of the net income and such portion of the principal at any time and from time to time as in their discretion they may deem proper for the support, maintenance and general welfare during the term of her natural life.”
The right of a surviving spouse to elect is governed by EPTL 5-1.1. In this case, as we are concerned with a will executed prior to September 1, 1966, the outright disposition of $2,500 is proper, as shown in EPTL 5-1.1 (subd. [a]), rather *536 than the sum of $10,000 as required in wills executed after September 1, 1966.
The widow argues that the statute should be literally construed in favor of a surviving spouse and that any reduction or possible reduction in her statutory allowance should permit her an election to take her intestate share outright.
This subject has confounded courts and legislators for many years. Many powers in wills have been granted to fiduciaries which affect the beneficial interest in a widow’s trust to some degree. Questions as to which power would give rise to an absolute right of election have been decided by courts in various ways.
Where trustees are commanded to pay principal charges out of income or pay part of the income to another or pay a stated sum which may or may not equal the net income, courts have held that the surviving spouse has an absolute right of election. (Matter of Bommer, 159 Misc. 511; Matter of Gika, 29 Misc 2d 528; Matter of Heede, 29 Misc 2d 103.)
However, where the powers of the trustees are not mandatory or directive but discretionary, courts have held otherwise. In Matter of Lowen (58 Misc 2d 190, 192-193) the Surrogate stated: “ Cases coming under the statute in effect for the within will indicate that the court has- the power to supervise a trust where trustees are given discretionary powers over income so as to guarantee a widow all of the net income of the trust (33 Brooklyn L. Rev., 545-546).”
In the Matter of Bauer (54 Misc 2d 1060, 1062-1063), the court referred to EPTL 5-1.1 (subd. [a], par. [1], subpar. [H]) and stated that:
“ The granting of certain powers to a fiduciary will not give the surviving spouse an absolute right to take her elective share, but the Surrogate’s Court having jurisdiction of the estate, notwithstanding the terms of the will, may, in its discretion, in an appropriate proceeding by the surviving spouse, direct and enforce, for the protection of the surviving spouse, an equitable distribution, allocation or valuation of the assets enforce the liability of a fiduciary under the law, and make such other directions consistent with the provisions and purposes of the .statute as it may consider necessary for the protection of the surviving spouse.
“ The power of the Surrogate’s Court is not limited to those powers specifically enumerated in the afore-mentioned paragraph. The power of the Surrogate is one of general equitable supervision to assure both the testamentary scheme proposed by the decedent and the fair participation of the spouse (Matter *537 of Edwards, 2 Misc 2d 564, affd. 2 A D 2d 838, affd. 3 N Y 2d 739; Matter of Greene, 34 Misc 2d 630, affd. 14 A D 2d 544).”
It is not this court’s intention to rewrite the testator’s will but to supervise the widow’s trust for her benefit. It would be more of a deviation from the testamentary scheme to ignore the trust provisions and give the widow her elective share outright than to permit the trust to exist but guarantee the widow her statutory rights. Accordingly, this court holds that the provisions of the will relating to the discretionary powers of the fiduciaries are sufficient to satisfy the statute, subject however, to the supervision of this court. The court will direct that the widow’s trust be funded and the trustees are ordered to apply at least all of the income to the widow, at least semiannually. The court also finds that the widow is entitled to the exemptions under statute (EPTL 5-3.1).